# Western Union Telegraph Company v. Bowman.

*Action against Telegraph Company for Failure to Promptly Deliver Telegram.*

1. *Action against telegraph company for failure to deliver telegram; sufficiency of complaint.*—In an action against a telegraph company to recover damages for failure to promptly deliver a telegram, a count of a complaint which avers that, by reason of the defendant's negligence in not delivering the message, the plaintiff lost a valuable situation or position of

[Western Union Telegraph Company v. Bowman.]

employment, which was vacant and. open to his employment, and which had been obtained for him, is sufficient as stating a cause of action.

2. *Same; same.*—In such a case, a count of the complaint which avers that the plaintiff lost a valuable situation which was vacant and open to him, and which he would have been employed to fill, but for the defendant's negligence in not delivering the message within a reasonable time after its reception, sufficiently states a cause of action.

3. *Same; sufficiency of replication.*—In an action against a telegraph company to recover damages for failure to promptly deliver a telegram, where, by special plea, the defendant sets up that prior to the sending of the message mentioned in the complaint, it had established a limit within which it undertook to make free delivery of the messages sent over its wires, and upon the printed blank upon which the message was written, and forming a part of and in addition to the contract for sending other messages, including the message in this case, there was a stipulaiton that for the delivery of messages outside the free delivery limits, a special charge would be made, and that the plaintiff to whom the message in the present suit was sent, did not live within the free delivery limits of the place of destination of said message, and no consideration was paid or tendered by the plaintiff to the defendant for the delivery of this message beyond said free delivery limits, a replication presents a sufficient answer to the defense set up in said special plea, which avers that at the time the telegram involved in this suit was received at its place of destination, it was the custom of the defendant to deliver telegrams beyond the free delivery limits established by the defendant at said place, without requiring the prepayment of the extra charge provided for by the rule invoked by the defendant in said special plea.

4. *Action against telegraph company for failure to promptly deliver a message; admissibility of evidence.*—In an action against a telegraph company to recover damages for negligence in failing to promptly deliver a message, whereby it is alleged in the complaint the plaintiff lost a valuable position which was vacant and open to him, and which he would have been employed to fill, it is competent during the examination of the person who, as the plaintiff's agent, sent the telegram, and who had negotiated for his employment, to ask him whether or not, in his conversation with the person who was to employ the plaintiff, he asked said person if he had a position

[Western Union Telegraph Company v. Bowman.]

such as the plaintiff desired, and wished to employ a person therefor.

5. *Same; same.*—In such a case, after the witness, who represented the plaintiff in the negotiation for the employment, and who, as the agent of the plaintiff, sent the telegram, has testified in answer to a question, that he told the operator of the defendant at the place from which the message was sent, where the plaintiff lived at the place of destination, such answer is 'not subject to be excluded upon the ground that it was incompetent evidence; the objection to the answer coming too late.

6. *Trial and its indictments; discretionary with the court to allow evidence to be introduced after argument of counsel.* During the trial of a case, it is within the sound discretion of the trial court to allow witnesses to be recalled and evidence introduced after argument of counsel to the jury, and the exercise of this discretion is not reviewable.

7. *Action against telegraph company for failure to deliver a message; burden of proof as to obtaining other employment.* In an action against a telegraph company to recover damages for the defendant's negligence in failing to promptly deliver a telegram, whereby the plaintiff lost a valuable position to which he could have been employed to fill, it is permissible for the defendant, in order to reduce the amount of recovery, to show that the plaintiff obtained or could have obtained other employment by the exercise of reasonable diligence on his part; but the burden of proving this fact rests on the defendant.

8. *Action against telegraph company for failure to deliver a message; when question properly left for the determination of the jury.*—In an action to recover damages for failure to promptly deliver a telegram by reason of which negligence, it was alleged the plaintiff lost an opportunity to be employed to fill a valuable position, where the testimony introduced on the trial of the case was uncertain as to whether there was a contract of employment for services of the plaintiff, it is proper for the court to leave it to the jury to determine whether or not there was an agreement between the plaintiff, through his agent, and the proposed employer, which amounted to a contract that the plaintiff would get the employment for a definite length of time, and that he was prevented from accepting such employment by the failure of defendant to deliver the telegram in a reasonable length of time.

12.

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

This action was brought by the appellee, Robert H. Bowman, against the Western Union Telegraph Company. The complaint, as originally filed, contained three counts. The 1st count was in words and figures as follows: "1. The plaintiff claims of the defendant the sum of one thousand dollars as damages for that, heretofore, to-wit, on the 21st day of May, 1901, the defendant, a corporation, was operating a public telegraph system, engaged in the business of transmitting messages for hire, by means of electricity from Montgomery in the State of Alabama, at or near the town of Whistler, in the said State of Alabama; and while so engaged, Ed. Bowman, the son of plaintiff, did for the benefit and as the agent for plaintiff, deliver a certain written message or telegram to said Western Union Telegraph Company in the City of Montgomery Alabama, at to-wit, 7:30 p. m. May 21st, 1901, to be transmitted by telegraph to R. H. Bowman, plaintiff, at or near Whistler, Ala., said defendant received and undertook to transmit and deliver the said message and said Ed. Bowman did then and there pay the defendant the sum of twenty-five cents, the said charge for transmitting said message; said message was in substance as follows: 'Montgomery, Ala., R. H. Bowman, Whistler, Ala., Come at once, job $3.00 day. [Signed] Ed. Bowman.'

"Plaintiff avers that it was the duty of the defendant to deliver the said message within a reasonable time after it was received at Whistler, Ala., where plaintiff lived. Plaintiff avers that the defendant negligently failed to deliver said message to the plaintiff or to apprise him of its existence until the 26th day of May, 1901. And plaintiff avers that on account of the defendant's negligence in not delivering the said message or telegram within a reasonable time, the plaintiff lost a valuable situation which situation was vacant and open to his employment and which had been obtained for him, to his damage as aforesaid." The 2nd count, as to the delivery of the telegram and failure to send the same,

was in substance the same as the first count. It was then averred in the second count as follows: "That the defendant negligently failed to deliver said message or telegram for a long time after its reception, to-wit, on the 26th day of May, 1901, whereby plaintiff lost a valuable situation, which situation was vacant and open and which he would have been employed to fill, but for the defendant's negligence in not delivering said telegram within a reasonable time after its reception and was worth to him $3.00 per day to the damage of plaintiff as aforesaid."

A demurrer was sustained to the 3rd count, and it is therefore unnecessary to set said count out at length.

The complaint was amended by adding a 4th count, which was in words and figures as follows:

"4th. The plaintiff claims of the defendant the further sum of one thousand dollars as damages for that heretofore, to-wit, on the 21st day of May, 1901, the defendant, a corporation, was operating a pubic telegraph system, engaged in the business of transmitting messages for hire by means of electricity from Montgomery in the State of Alabama, at or near the town of Whistler in the said State of Alabama, and while so engaged, Ed. Bowman, the son of plaintiff, who had been previously requested and authorized by plaintiff to obtain him a situation, and in pursuance of said request and authority did for the benefit, and as the agent of plaintiff, deliver a certain written message or telegram to said Western Union Telegraph Company in the City of Montgomery, Alabama, on the 21st day of May, 1901, to be transmitted by telegraph to R. H. Bowman, plaintiff, at or near Whistler, Alabama, where plaintiff resided, and whose residence was within the free delivery district of the defendant's place of business in said town; said defendant received and undertook to deliver said message and said Ed. Bowman did then and there pay the defendant the sum of twenty-five cents, the charge for transmitting said message; said message was in substance as follows: 'Montgomery, Ala., R. H. Bowman, Whistler, Ala., Come at once, job $3.00 per day. [Signed] Ed. Bowman.'

"Plaintiff avers that it was the duty of the defendant to deliver the same message to plaintiff within a reasonable time after it was received by defendant at Whistler, Alabama.

"Plaintiff further avers that the defendant negligently failed to deliver said message within a reasonable time after it was received by defendant at Whistler, Alabama, to plaintiff, that it was a long time to-wit, the 26th day of May, 1901, after its reception at Whistler, Alabama, before the defendant delivered said message to plaintiff.

"Plaintiff avers that on account of the defendant's negligence in not delivering said message within a reasonable time after its reception at Whistler, Ala., the plaintiff lost a valuable situation as a moulder, which situation was open to his employment and which would have been obtained for him with Janney & Co., a firm which were engaged in carrying on a foundry business at Montgomery, Ala., but for defendant's negligence as aforesaid; plaintiff further avers that the situation would have been permanent; that it would have given plaintiff employment from the 26th day of May, 1901, until the 31st day of December, 1901. That said situation would have been worth to plaintiff $3.00 per day during that time; that said situation was wholly lost to plaintiff on account of the negligent failure of the defendant to deliver said telegram or message within a reasonable time to plaintiff to his damage as aforesaid."

To the 1st and 2nd counts of the complaint, the defendant demurred upon the following grounds: 1. That it was not averred by either of said counts that the plaintiff was residing in the free delivery limits of the office of the defendant at Whistler. 2. That the allegation in each of the counts that Ed. Bowman acted as the plaintiff's agent in sending the message, is a mere conclusion of the pleader. 3. That said counts do not show that the plaintiff has any right to maintain the present suit. 4. That it is not sufficiently alleged in either of said counts that defendant had either actual or constructive notice that the sender of the message was the agent of the plaintiff in sending said message. 5.

Because the damages sought to be recovered are not the proximate consequence of the act or omission complained of. 6. Because each of said counts shows on its face that there was no contract between the plaintiff and the defendant.

To the 4th count the defendant demurred upon the same grounds as were interposed to the 1st and 2nd counts, and upon the following additional grounds: (1.) Because said fourth count of the complaint does not aver that at the time of the sending of the message complained of the plaintiff was out of employment and that he has since that time made diligent efforts to obtain employment, and that he has been unable to do so. (2.) Because said fourth count of the complaint does not state the amount of money which by diligent effort on his part the plaintiff has been able to earn in and from his trade as a moulder and does not offer to credit his demand in damages with the amount earned by him since the alleged miscarrying or failure to deliver the telegram mentioned in the complaint. These demurrers to the 1st, 2nd and 4th counts were overruled.

The defendant pleaded seven pleas. The 1st and 2nd pleas were the general issue. The remaining pleas were in words and figures as follows:

"3. The defendant, for answer to the first count of the complaint says:—That prior to the sending of the message mentioned in the complaint, the defendant company had established a limit within which it undertook to make free delivery of the messages sent over its wires, which limit was a distance of half a mile, or within a radius of half a mile from its office, at places having the population that Whistler had at the time this message was sent; that upon the printed blank, upon which the message was written, and forming a part of and a condition in the contract for sending of every written message it received for transmission, including the one received in this case, was and is the following clause: 'Messages will be delivered free within the established free delivery limits of the terminal office. For delivery at a greater distance, a special charge will be made to cover the cost of such delivery.' That R. H. Bowman, to

whom such message was sent, did not live within the
said free delivery limits of the said Whistler office of the
defendant company; no consideration was paid or ten-
dered by the plaintiff to the defendant for the delivery
of this message beyond the said free delivery limits, and
no notice was given by the sender, nor did the agent of
the company who accepted said message at Montgomery,
Ala., know that R. H. Bowman to whom it was address-
ed, was not living within said free delivery limits of the
Whistler office.

"4.  The defendant, for answer to the first count of
the complaint, says:  That prior to the sending of the
message mentioned in the complaint the defendant com-
pany had established a limit within which it undertook
to make free delivery of the messages sent over its
wires, which limit was a distance of half a mile, or
within a radius of half a mile from its office, at places
having the population that Whistler had at the time
this message was sent; that upon the printed blank,
upon which the message was written, and forming a
part of and a condition in the contract for the sending
of every written message it received for transmission,
including the one received in this case, was and is the
following clause:  'Messages will be delivered free
within the established free delivery limits of the termi-
nal office.  For delivery at a greater distance, a special
charge will be made to cover the cost of such delivery.'
That R. H. Bowman, to whom said message was sent,
did not live within the said free delivery limits of said
Whistler office of the defendant company; no considera-
tion was paid or tendered by the plaintiff or any person
to the defendant for the delivery of this message beyond
the said free delivery limits of the Whistler office to
which it was addressed.

"5.  The defendant for answer to the first count of the
complaint says:  That the established route for the mes-
sage mentioned in the complaint in order that it might
reach Whistler promptly was through the Mobile office
of the defendant company, where it was necessary to re-
ceive the message and re-send it to the Whistler office,
there being no direct telegraph line between Mont-

gomery and Whistler; that said message was received at Mobile without delay within less than an hour after it had been first filed at Montgomery office of defendant; that the Mobile office of the defendant immediately called the Whistler office, but the same was closed for the night, the Whistler office of the defendant being only a day office, that is, only open for the transmission and receiving of telegraph messages during the day time; that the next morning this message was sent from the Mobile office to the Whistler office of the defendant, and there received and sent by special messenger to the residence of the plaintiff; that the plaintiff was not at his home and the message was safely delivered into the possession of the wife of the plaintiff; that plaintiff did not have any office or place of business in the village of Whistler, and his residence was the proper place at which to make delivery of a telegraph message addressed to him.

"6. The defendant, for answer to the first count of the complaint says: That the most direct way for the message mentioned in the complaint to reach Whistler was through the Mobile office of the defendant; that said message was received at the Mobile office of the defendant without unnecessary delay and within a reasonable time after it had been first filed in the Montgomery office; that upon the receipt of the message at Mobile, an operator in the Mobile office called the Whistler office, but the same was closed, for it was night, the Whistler office being only open for the transmission of business during the business hours of the day and not at night; that the next morning this message was telegraphed from Mobile to Whistler with reasonable promptness and when received there was sent by a special messenger to the home of plaintiff, which messenger went with reasonable promptness to the residence of the plaintiff, and there made enquiry for the plaintiff, and finding him away from his home, delivered the message to Mrs. Bowman, the wife of the plaintiff, and that the plaintiff did not at that time have a business office or any store or place of business in the village of Whistler.

[Western Union Telegraph Company v. Bowman.]

"7.  Comes the defendant and for answer to the first count of the complaint says:  That at the time of the sending of the message complained of, the defendant was a mechanic and that he was not out of employment; that he was then and since that time continuously has been profitably employed in and about his trade and vocation, and that he has not suffered the damages sought to be recovered in this action."

Issue was joined upon the 1st, 2nd, 5th and 6th pleas, and the plaintiff demurred to the 3rd, 4th and 7th pleas. Demurrers to the 3rd and 4th pleas were overruled, and the demurrer to the 7th plea was sustained.  It is unnecessary under the opinion to set out the grounds of demurrer interposed to the 7th plea.

To the 1st, 2nd, 3rd, 4th, 5th and 6th pleas, the plaintiff filed several replications.  To each of these replications, the defendant demurred, and the demurrers were sustained to each of the replications except the 3rd. The 3rd replication was in words and figures as follows: "3rd.  And for a further replication separately and severally to said 3rd and 4th pleas as pleas to each count of the complaint, to which they are pleaded, says that at the time said telegram was received by defendant at their Whistler office, it was the custom of the defendant to deliver telegrams beyond the free delivery limits established by said defendant for the government of the Whistler office, and at the place where plaintiff resided at said time without requiring the prepayment of the extra charge provided for by the rule invoked by the defendant in its said 3rd and 4th pleas."  To the 3rd replication the defendant demurred upon the following grounds:  1.  Said replication does not aver that the custom therein set up had been of such long continuance, and was shown as to have the force and effect of law. 2.  Because it sets up a matter of custom which cannot prevail over the positive contract of the parties.  3. Said replication shows no duty to deliver the telegram beyond the free delivery limits of defendant's Whistler office.  This demurrer was overruled.

On the trial of the case it was shown that a telegram was sent from Montgomery, Ala. by Ed. Bowman, the

son of the plaintiff, to the plaintiff at Whistler Ala., and that said telegram was the same as copied in the complaint; and this telegram was sent after Ed. Bowman had made investigation in Montgomery about securing a position for his father, the plaintiff, to work; when the plaintiff's son moved to Montgomery, the plaintiff requested him to be on the lookout and see if he could get him work in Montgomery, and asked him to notify him if he could do so; that the telegram was sent after said Ed. Bowman had negotiated with Mr. Janney, the manager of the Janney Iron Works, in the city of Montgomery, and was told by said Janney that he could give the plaintiff a job as moulder at the foundry. The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The bill of exceptions contains the following recitals in reference to the argument of counsel to the jury, and the introduction of evidence after said argument: "Opening argument was made for the plaintiff and the first argument for the defendant was in progress when counsel for the defendant, making the same, asked the general affirmative charge in writing for the defendant, assigning among other grounds why it should be given the fact that no proof had been made or offered to the effect that the twenty-five cents alleged in the complaint to have been paid for sending the message was in fact paid by any person. This point was argued at length both by the attorneys for the defendant and those for the plaintiff. The official court stenographer was sent for, and upon the court holding that the proof had not been made, plaintiff moved the court for permisson at this stage to recall witnesses in order to make the proof that the twenty-five cents charge for the sending of the telegram had been paid by Ed. Bowman at the time of sending it at Montgomery. Defendant resisted this motion, and objected to the granting of the same. The court overruled the objection and allowed the plaintiff to recall a witness for the purpose of making this proof which proof was made to which ruling of the court and action of the court the defendant then and there re-

served an exception." The general oral charge of the court to the jury is set forth at length in the bill of exceptions, but it is deemed unnecessary to set out the same here. The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe the evidence, they will return a verdict for the defendant." (2.) "If the jury believe the evidence, they will return a verdict for the defendant as to the issue made on the first count in the complaint. (3.) "If the jury believe the evidence, they will return a verdict for the defendant as to the issue made on the second count in the complaint." (4.) "If the jury believe the evidence they will return a verdict for the defendant as to the issue made on the third count in the complaint." (5.) "If the jury believe the evidence, they will return a verdict for the defendant as to the issue made on the fourth count in the complaint." (6.) "If the jury believe from the evidence that the plaintiff resided more than one half a mile from the telegraph office of the defendant company at Whistler, Alabama, they will return a verdict for the defendant." (7.) "If the jury believe from the evidence that the plaintiff resided more than one half a mile from the defendant's telegraph office at Whistler, and that the defendant company had not surrendered its legal rights as to the half mile limit by establishing a custom to deliver telegrams free outside of the said half mile limit, then your verdict must be for the defendant." (14.) "The burden rests upon the plaintiff to prove his case as laid in his complaint, and to show by a preponderance of the testimony that by reason of the failure of the defendant to promptly deliver the telegram he lost a permanent employment in Montgomery; and if he has not satisfied you by a preponderance of the testimony that he did on this account lose a permanent employment which was tendered him, he cannot recover in this action." (V.) "The court charges the jury that plaintiff has alleged in every count of the complaint but never proved the payment by Ed. Bowman of twenty-five cents to defendant for transmission of the

message in question, wherefore, the jury ought to find a verdict for the defendant. (W.) "The court charges the jury that there is no evidence in this cause that plaintiff sought other employment after failing to get a position with Janney & Company, by reason whereof plaintiff cannot in any event recover more than nominal damages, if entitled to recover at all." (X.) "The court charges the jury that if they believe from the evidence that plaintiff was prevented from obtaining a position with Janney & Company by defendant's failure to deliver the telegram it was the duty of the plaintiff to seek other employment, so as to save himself from damage so far as practicable, and unless you further believe from the evidence that plaintiff sought other employment with reasonable diligence, he ought not to recover more than nominal damages." There were verdict and judgment for the plaintiff assessing his damages at $90.

The defendant appeals, and assigns as error the rulings of the court upon the pleadings, which were adverse to it, and the several rulings of the trial court, to which exceptions were reversed.

GEO. H. FEARONS and FITTS, STOUTZ & ARMBRECHT, for appellant.—The demurrers to the complaint should have been sustained. *Western Union Tel. Co. v. Henderson*, 89 Ala. 518; *Ford v. Postal Tel. Cable Co.*, 124 Ala. 400; *Postal Tel. Cable Co. v. Ford*, 117 Ala. 672; *Western Union Tel. Co. v. Allgood*, 125 Ala. 712; *Western Union Tel. Co. v. Adair*, 115 Ala. 441. The telegram in this case was not sufficient to show that a contract had been made. It is plain that the sender of such a telegram would not be bound to employ the party receiving it, certainly not beyond a single day, and if such employment should be absolutely refused, he would be without legal remedy of any kind, there being no way of making the damages certain or of measuring them without resort to the realm of speculation. There was no contract. There can not be a contract unless both parties are bound to something. There must be mutuality, the promises must be concurrent and obligatory on both at the same time. Beach on Modern Law of con-.

tracts, pp. 92-93 *note; Merrill v. Western Union Tel. Co.,* 78 Maine 98; *Baldwin v. Western Union Tel. Co.,* 44 Am. St. Rep. 194.

The court erred in refusing the general affirmative instruction for the appellant on the whole case. The appellant was entitled to this charge because each and every count averred that he lost a situation or employment which had been obtained in Montgomery, and the proof did not come up to this allegaton.—*Walser v. Western Union Tel. Co.,* 19 S. E. Rep. 366; *W. U. Tel. Co. v. Cooper,* 10 Am. St. Rep. 772; *Clay v. Western Union Tel. Co.,* 12 Am. St. Rep. 316; *West v. Western Union Tel Co.,* 7 Am. St. Rep. 530; *Hughes v. Western Union Tel Co.,* 41 Am. St. Rep. 782; *Mood v. Western Union Tel. Co.,* 19 S. E. Rep. 67; *Western Union Tel. v. Co. v. Graham,* 9 Am. Rep. 137.

2. Because the damages claimed do not naturally, or necessarily, or probably, arise from the wrong alleged to have been done; and, because the damages claimed are remote and uncertain. If the telegram had been promptly received, at most, it only gave appellee an opportunity for making a contract, which he might have made or might not have made, how long he would have been allowed to keep it and what, if anything, he could have made out of it would have been subject to several contingencies. In other words, the damages here claimed are not the direct, natural and certain result of the breach of contract complained of—they are remote, speculative, and conjectural.—*Johnson v. Western Union Tel. Co.,* 79 Miss. 58; Same case 29 So. Rep. 787. Two elements of certainty must concur: (1) it must be reasonably certain that the damages claimed resulted from the breach assigned; (2) the damages claimed must, in themselves, be reasonably certain.— *Manufacturing Company v. Hatcher,* 3 L. R. A. 587 and note; *Hunt v. Pac. R. R. Co.,* 1 L. R. A. 842; *Union Refining Co. v. Barton,* 77 Ala. 148; *Brigham & Co. v. Carlisle,* 78 Ala. 244; *Telegraph Co. v. Hall,* 124 U. S. 444; *Frazer & Co. v. Smith,* 60 Ill. 145; *Railroad Co. v. Cobb,* 64 Ill. 128; *Railroad Co. v. Connater,* 61 Ark. 560; *Walser v. Western Union Tel. Co.,* 114 N. C. 440. This is

[Western Union Telegraph Company v. Bowman.]

an action upon the contract and the defendant was liable only for the direct consequences of the breach; such as usually occur from the breach of just such contract, and such as were within the contemplation of the parties to this contract when it was being entered into, as likely to result from a breach of it.—1 Sutherland on Damages, (1882 ed.), middle p. 741; *Candee v. Western Union Tel. Co.*, 34 Wis. 479; *Hadley v. Baxendale*, 9 Exch. 341.

SAMUEL B. BROWNE and LESLIE B. SHELDON, *contra.* The court did *not* err in over-ruling the defendant's demurrer to plantiff's 3rd replication, because: 1. The custom was sufficiently pleaded. See definition of custom in 4th A. & E. Enc. of Law, old edition, page 969. 2. Because such a custom as the one set up in the replication was a sufficient answer to defendant's pleas, to which it was pleaded. See pp. 35 and 29. Note to *W. U. T. Co. v. Robinson*, 34 L. R. A. 431; *W. U. T. Co. v. Womack*, (Texas Cir. App.) 29 S. W. Rep. 932; *W. U. T. Co. v. Timmons* 93 Ga. 345; *W. U. T. Co. v. Edwards*, 96 Ga. 757; *Whittemore v. W. U. T. Co.*, 71 Fed. Rep. 651. 3. The court below did not err in granting the motion of the plaintiff to be allowed during the argument of the case, to recall witnesses for the purpose of proving that the 25 cents alleged in the complaint, to have been paid for sending the message, was in fact paid.

Defendant contended that it was entitled to the general charge in its favor, because there was no testimony in the case tending to show this fact had been proven. The court agreed to this contention of the defendant, but viewing this failure of the plaintiff to make this proof as a mere accidental omission to prove a formal fact which had not been controverted up to the time the charge was asked, ruled, in the interest of justice, that plaintiff might introduce witnesses to establish this technical fact. Whether the court should have done this was a matter of discretion for the court to decide, and the court's action in granting this motion of the defendant is not the subject of review here.—8 Enc.

of P. & P. 129; *Dyer v. State,* 88 Ala. 229; *P. Ins. Co. v. Moog,* 78 Ala. 286; *Drum v. Harrison,* 83 Ala. 388.

Where a telegraph company, either by error in the transmission, or by delay in delivering, or failure to deliver, a message containing either an offer of employment or an acceptance of such offer, causes a loss of employment, the company will be liable for the loss so caused provided the damages are certain and might be expected to follow the breach of the contract to transmit and to deliver.—Joyce on Electricity, § 976; *W. U. T. Co. v. Hines,* 96 Ga. 688; 22 S. E. Rep. 845; *W. U. T. Co. v. Valentine,* 18 Ill. App. 570; 1 Amer. Electric Cases 829; *W. U. T. Co. v. McKibben,* 114 Ind. 511; 14 N. E. Rep. 894, 2 Amer. Elec. 525; *Walser v. W. U. T. Co.,* 114 N. C. 440. The evidence tended to show that the defendant had established the *custom* in its Whistler office of making a delivery of telegrams outside of its free delivery limits without requiring a *prepayment* of such extra charge, and a custom to do this, under the law governing such cases, and under the issue presented by plaintiff's 3rd replication to the 3rd and 4th pleas of the defendant, would preclude the defendant from excusing its failure to deliver the telegram in this case on the grounds that the plaintiff resided beyond the free delivery district established by it.—*W. U. T. Co. v. Teague,* (Texas Ct. Cir. App. 1896) 56 S. W. Rep. 301; note to *W. U. T. Co. v. Robinson,* 34 L. R. A. 431; *W. U. T. Co. v. Womack,* (Tex. Ct. App.) 29 S. W. Rep. 932; *W. U. T. Co. v. Timmons,* 93 Ga. 345; *W. U. T. Co. v. Edwards,* 96 Ga. 757.

HARALSON, J.—It was admitted on the trial, that the house of the plaintiff at Whistler, the place to which the message to plaintiff was sent, was beyond the free delivery limit,—the same being over a half mile from the telegraph office.

There were three counts in the complaint, each in case, to recover damages for the failure to deliver a telegraph message, sent by the son and agent of the plaintiff to the latter from Montgomery to Whistler, Alabama.

[Western Union Telegraph Co. v. Bowman.]

The first count avers, that on account of defendant's negligence in not delivering the message, the plaintiff lost a valuable situation which was vacant and open to his employment, and which had been obtained for him.

The second avers that the plaintiff lost a valuable situation which was vacant and open, and which he would have been employed to fill, but for defendant's negligence in not delivering the message within a reasonable time after its reception, etc.

A demurrer was sustained to the 3rd count, and as the appeal is by defendant, it is allowed to pass without consideration.

The 4th count was added by way of amendment, and was intended to cover alleged defects in the other counts, by adding, that the residence of the plaintiff was in the radius of free delivery, and by stating the time, more definitely, in which defendant was kept out of employment offered him; and the case was really tried upon this count.

The demurrers to the 1st, 2nd and 4th counts were properly overruled.

On the trial it was admited by the attorneys for plaintiff, that Whistler was a village containing less than 5000 inhabitants, and rule 50 of the book of rules, which was admitted in evidence without objection read: "Messages will be delivered free within a radius of one mile from the office within any city or town of 5,000 or more inhabitants. Beyond these only the actual cost of the delivery service will be collected; the manager will, however, see that such cost is as reasonable as possible."

The printed language on the back of the written message to the plaintiff, which message was put in evidence, was, "Messages will be delivered free within the established free delivery limits of the terminal office. For delivery at a greater distance, a special charge will be made to cover the cost of such delivery."

The defendant interposed pleas numbered 1 to 7, inclusive. The 1st and 2nd were the general issue. Demurrers to the 3rd and 4th were overruled and plaintiff took issue on them. Issue was joined on the 5th and 6th, and the demurrer to the 7th was sustained.

If there was error in sustaining the demurrer to this last plea, it was error without injury, since what was set up therein, might have been availed of under the plea of the general issue.

The plaintiff filed special replications to the defendant's pleas, demurrers to which were sustained, except to the 3rd, which last replication set up, that at the time said telegram was received by defendant at its Whistler office, it was the custom of the defendant to deliver telegrams beyond the free delivery limit established by defendant for the government of its Whistler office, and at the place where plaintiff resided at that time, without requiring the payment of the extra charge provided by the rule of the company invoked by defendant in its said pleas.

The regulation which plea 3 avers formed part of the contract, does not expressly provide that the special charge for delivery beyond the free delivery limits should be *prepaid,* and therefore, it was possible for the parties to have contracted with reference to the custom set up in replication three, without contravening the terms of the written contract. That the replication does not aver that the contract was in fact made with reference to the custom, is not specified in the demurrer as a ground of objection. As against any ground of demurrer that is specified with sufficient particularity, the replication was good.

The plaintiff's witness, Ed. Bowman, testified, that when he delivered the telegram to the agent at Montgomery, the latter told him that it was a very small place; that he had no messenger boys there, and that Mr. Coleman was the operator there, and he would deliver the telegram. He also testified that he told this Montgomery operator, right where, in Whistler, his father, the sendee of the message, lived, and that it was the custom to deliver telegrams any where in Whistler, regardless of the half mile limit. Coleman, the operator at Whistler, testified, that he had, prior to that time, delivered messages at Bowman's house without demanding the extra charge for the delivery; that his custom was to deliver the massage outside the limit and

then demand the extra charge, which was from ten to fifteen cents.

The telegram was sent from Montgomery, as has appeared, to plaintiff at Whistler, by Ed. Bowman the alleged agent of the plaintiff. Mr. Janney at Montgomery was the person with whom the alleged contract of employment of plaintiff was made. Ed. Bowman while testifying for plaintiff, stated that he went to see Mr. Janney in Montgomery, and asked him if he had an opening for an iron moulder, and Mr. Janney said, yes. Here the defendant objected to the witness testifying to what was said to him by Mr. Janney, because it was hearsay and immaterial and the objection was overruled. Objection was raised before there was any indication that the witness would answer. If he knew any thing tending to show that there was a contract of engagement entered into between his father, acting through him as his agent, and Janney, the evidence was competent. If his answer was objectionable to defendant, he should have moved to exclude it. The witness was asked by plaintiff: "Did you tell him, (the operator at Montgomery) whereabouts in Whistler your father lived?" He replied, "Yes sir." The answer was objected to, on the ground that it was incompetent. If open to the objection made to it, the objection came too late. Neither the question, nor the answer was subject to objection after the answer came. The defendant could not by delaying objection, speculate as to what the answer might be, favorable or unfavorable to him, and if not favorable, to interpose the objecton he did.—*Insurance Co. v. Tillis,* 110 Ala. 202; 2 Mayfield's Digest p. 574, § 739.

There was no reversible error in allowing the plaintiff, after the opening argument for plaintiff had been made, to prove by the sendee, that the twenty-five cents alleged in the complaint to have been paid for sending the message, was in fact paid. The recall of the witness to make this proof was a matter within the discretion of the court.—*Dyer v. State,* 88 Ala. 225; *Insurance Co. v. Moog,* 78 Ala. 286.

It is always permissible for the defendant to show, in order to reduce the *prima facie* amount of recovery, in cases of a discharge of plaintiff from service, that the plaintiff obtained, or could have obtained other employment by the exercise of reasonable diligence on his part, and the burden of proving this fact rests on the defendant.—*Wilkerson v. Black,* 80 Ala. 332.

The facts developed on the trial, in the testimony of Ed. Bowman for plaintiff and John Janney for defendant, left it too uncertain for the court to determine, as a matter of law, that there was a contract of employment for services between the parties. The evidence was such that the jury might have found that there was an offer of employment by Janney to plaintiff for a definite time at certain wages, which he was prevented from accepting by the failure of defendant to deliver the telegram in a reasonable time.

The court in its original charge to the jury, in leaving it to them to determine whether or not there were agreements between the plaintiff, through his agent, with the Foundry Company at Montgomery, such as amounted to a contract that he would get the employment for a definite length of time, and if they so found, the plaintiff would be entitled to recover, if the agent at Whistler failed to deliver the telegram to the sendee within a reasonable time after its receipt, committed no error. This question, under the evidence, was one proper for the determination of the jury.—*Bryan v. Bank,* 79 Ala. 262; *Drennen v. Smith,* 115 Ala. 396.

Charges from 1 to 5, inclusive, were properly refused. *Dorsey v. State* 134 Ala. 553; *L. & N. R. R. Co. v. Sandlin,* 125 Ala. 586; *M. & O. R. R. Co. v. George,* 94 Ala. 201.

Nor was there error in refusing to give the other charges requested by defendant. Some were misleading, others misplaced the burden of proof, and all were subject to some vice making them bad.

Affirmed.