# Ryall *v.* Pearson Brothers.

## *Detinue.*

(Decided May 16, 1912. 59 South. 190.)

1. *Appeal and Error; Assignment; Joint.*—Where the assignment of error is single, including several matters, such as the court erred in overruling demurrers to pleas D, E, F, G and H, such assignment is not sustained upon a record showing that plea H was stricken on motion, and not showing that any action was taken on any demurrers to plea G, as to sustain a single assignment, based upon several matters there must be error in each.

2. *Trial; Objections to Evidence; Necessity.*—Where a party does not object to a question, he cannot be allowed to speculate on the answer, and after a responsive answer to such question the party is not entitled to have it excluded on motion, although subject to objections seasonably made.

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Detinue by J. S. Ryall against Pearson Brothers. Judgment for defendants and plaintiff appeals. Affirmed.

I. I. CANTERBURY, for appellant. The pleas are defective and demurrers should have been sustained thereto.—*Gilbraith v. Jones,* 60 Ala. 129; 3 Brick. 406. The evidence was hearsay and should have been excluded. —*Moon v. Maxwell,* 155 Ala. 299.

J. M. MILLER, for appellee. There is no judgment upon demurrers, plea H was stricken, and hence, there is nothing to consider as to that assignment of error. —*Carter v. Long Bros.,* 125 Ala. 280. Evidence good in part, will not be excluded on motion to exclude the whole.—*Ala. Mid. v. Dargan,* 119 Ala. 531. There was no objection to the question, and hence, the motion to

exclude came too late.—96 Ala. 126; 110 Ala. 201; 112 Ala. 177.

WALKER, P. J.—The only assignment of error on the record in reference to any supposed ruling of the trial court touching the pleadings in the case is in the following words: "The court erred in overruling demurrers to defendant's pleas, D, E, F, G, H." This is a single assignment, and, to be supported, must be good in whole.—*Brent v. Baldwin*, 160 Ala. 635, 49 South. 343. Even if the expression "Demurrers overruled," found in the judgment entry immediately following a recital of the filing by the plaintiff of demurrers to pleas A, E, and F, could be regarded as properly evidencing a judgment of the court on those demurrers (*Carter et al. v. Long Bros.*, 125 Ala. 280, 28 South. 74), yet the assignment of error could not be sustained as a whole, as the record shows that plea H was stricken on the motion of the plaintiff (the appellant here), and contains no hint that any demurrer to plea G was in any way brought to the attention of the court.

It may be assumed, the contrary not being shown by the bill of exceptions, that the statements made by the defendant's witness Miller were elicited as responsive answers to questions which were not objected to by the plaintiff. The plaintiff could not in this way speculate on the answers the witness would make to questions asked him, and after the evidence had been admitted without objection, then be entitled to have it excluded on motion, though it was subject to objection, if seasonably made.—*Copin v. State*, 123 Ala. 58, 26 South. 333; Jones on Evidence, § 893.

No other question is presented for review.

Affirmed.