# Middleton *v.* Western Union Telegraph Co.

### Failure to Deliver Telegram.

(Decided June 30, 1916.   72 South. 548.)

1. **Appeal and Error; Record; Assignments.**—Where the minute entry shows no ruling on demurrers to pleading, the appellate court cannot consider assignments of error presupposing such ruling.

2. **Same; Joint.**—If any one of several replications was subject to demurrer, the appellant can take nothing under an assignment of error for sustaining demurrers to replications "1, 2, 3 and 4 respectively."

3. **Custom and Usage; Application; Knowledge.**—No local usage or custom can become a part of a contract unless it was known to the party at the time of contracting.

4. **Same; Effect.**—A usage cannot, by implication, nullify the express terms of the contract.

5. **Telegraphs and Telephones; Transmission; Presumption; Residence of Sendee.**—When a message was handed in for transmission, there being nothing to show that any contrary usage was in the contemplation of the parties, when the contract was made, the presumption is that the sendee lives within the free delivery limit, or that the sender takes the risk of delivery unless he makes arrangements for delivery at a greater distance.

6. **Same; Instructions.**—Where the pleadings do not embrace the issue of a usage in qualification of the expressed stipulations of the contract, a charge asserting that if plaintiff was not within the free delivery limit dur-

ing the afternoon when the telegram was sent, she could not recover for failure or delay in its delivery after it reached the terminal office, was proper.

7. **Witnesses; Examination; Rebuttal.**—Although facts elicited by a question to the witness on cross examination by defendant may not have been admissible as original evidence, the question was proper in explanation or rebuttal of statements made by the witness on re-direct examination.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by Mrs. H. V. Middleton against the Western Union Telegraph Company, for damages for failure to deliver a message. Judgment for defendant and plaintiff appeals. Affirmed.

FRANCIS M. LOWE, for appellant. FORNEY JOHNSTON, and W. R. C. COCKE, for appellee.

SOMERVILLE, J.— (1) As the minute entry shows no ruling on demurrers to pleas 3, 4, 5, and 6, we cannot consider the first and second assignments of error which presuppose such a ruling.

(2) The third assignment is that the trial court "erred in sustaining the defendant's demurrers to the plaintiff's replications, 1, 2, 3, and 4, respectively." It is well settled under our practice that the appellant can take nothing under such an assignment if any one of the replications in question was subject to the demurrer directed against it.—*Brent v. Baldwin*, 160 Ala. 635, 49 South. 343; *Ryall v. Pearson*, 6 Ala. App. 363, 59 South. 190. The record does not exhibit replications 3 and 4, and we are unable to determine whether one or both were subject to the defects pointed out. The assignment is therefore not sustained.

(3) But if the assignment were restricted to replications 1 and 2, which appear in the record, the same rule would be fatal to the assignment. Defendant's third plea sets up a provision of the contract which expressly limits the undertaking to a delivery of the telegram within a mile of defendant's terminal office.

Replication 1 avers a custom of defendant to deliver telegrams beyond its free delivery limits, and in the neighborhood of plaintiff's residence in Birmingham, without requiring prepayment of the extra charge prescribed by defendant's rule. This replication was defective in not showing that plaintiff or her agent had knowledge of the custom averred, and that the contract was made with reference thereto; for no local usage can become part of a contract unless it was known to the parties at the time

of contracting.—*Byrd v. Beall*, 150 Ala. 122, 43 South. 749, 124 Am. St. Rep. 60; *Cole Motor Car Co. v. Tebault*, 72 South. 21; *W. U. T. Co. v. Bowman*, 141 Ala. 175, 192, 37 South. 493.

(4-6) The trial judge submitted to the jury the determination of the question of plaintiff's husband's agency for her in sending the message, and the question of defendant's negligence vel non in the transmission of the telegram to its Birmingham office. But he instructed the jury, ex mero motu, that if plaintiff was at no time within the free delivery limits during the afternoon when the telegram was sent, she could not recover for failure or delay in its delivery after it reached the Birmingham office. Under the pleadings and evidence, this instruction was correct. Apart from the settled rule, that a usage cannot, by implication, nullify the express terms of a contract (*Mobile, etc., R. R. Co. v. Bay Shore Lbr. Co.*, 165 Ala. 610, 51 South. 956; *Wilkinson v. Williamson*, 76 Ala. 163), there is nothing in the evidence to show that any contrary usage was in the contemplation of the parties when this contract was made. This case is therefore governed by the principles declared in *W. U. T. Co. v. Henderson*, 89 Ala. 510, 7 South. 419, 18 Am. St. Rep. 148. It was there said: "When a message is handed in for transmission, the presumption must be, and is, that the sendee lives within the limits of free delivery, or that the sender takes the risk of delivery, unless he makes arrangements for delivery at a greater distance. And handing in such message, without explanation, casts no duty on the transmitting operator, other than to forward the message accurately, and with proper diligence. And it casts no duty on the terminal employee, or operator, other than to copy the message correctly, and to deliver it with all convenient speed, if the sendee reside within the free delivery limits."

The case of *W. U. T. Co. v. Bowman*, 141 Ala. 175, 37 South. 493, cited and relied upon by appellant, is clearly distinguishable from the instant case by the variant terms of the free delivery restriction there under consideration, which, it was observed, might be consistent with a custom to deliver beyond free delivery limits without prepayment of an extra charge.

Moreover, the pleadings, as they here went to the jury, did not embrace the issue of a usage in qualification of the express stipulations of the contract, and, for this reason alone, the instruction complained of would be justifiable.

(7) While the facts elicited by the question propounded to the witness Major, on cross-examination by defendant, may not have been admissible as independent evidence, we think the question was proper in explanation or rebuttal of the witness' statement on his direct examination.

We find no error in the record of which appellant can complain, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.