(110 So. 399)

**WESTERN UNION TELEGRAPH CO. v. MATHIS.　(7 Div. 658.)**

(Supreme Court of Alabama.　Oct. 28, 1926. Rehearing Denied Nov. 26, 1926.)

**1. Telegraphs and telephones ☞65(1)—Complaint held not defective for failure to allege telegraph company undertook "promptly" to transmit message.**

Complaint, in action against telegraph company for delay in transmitting message, held not defective for failure to allege that it·undertook "promptly" to transmit and deliver.

**2. Telegraphs and telephones ☞38(6)—Message inquiring if teacher could accept position held to show necessity for prompt transmission.**

Message, "Could you accept commercial department high school, thirteen hundred, school opens Monday, wire immediately," held to show on its face necessity for prompt transmission and delivery.

**3. Telegraphs and telephones ☞38(5)—Replication alleging custom of delivering messages by telephone, in avoidance of plea plaintiff was not within free delivery zone, held not demurrable.**

Replication setting up custom of delivering telegraph messages by telephone to household of which plaintiff was a member, and an arrangement and understanding that messages would be so delivered, set up to avoid plea that plaintiff did not live within distance obligating company to deliver without additional charge, held not demurrable.

**4. Depositions ☞64(3)—Refusal to suppress deposition because answer to interrogatory was not responsive held not reversible error.**

. In school teacher's action for delay in delivering message, inquiring if she could accept particular position, refusal to suppress deposition of vice president of board of education, on ground that answer to interrogatory concerning election of plaintiff to position involved was not responsive, held not reversible error.

**5. Telegraphs and telephones ☞66(2)—Telegram received by addressee, complaining of delay, held admissible.**

In action for delay in transmission and delivery of message, inquiring if plaintiff could accept position as teacher, admission in evidence of message received by plaintiff held not error.

**6. Evidence ☞378(5)—In action for delay in transmitting message excluding purported original message, demanded. of defendant by plaintiff, but not introduced, held not error.**

In action for delay in transmission and delivery of message, refusal to permit defendant to introduce in evidence purported original message, produced on demand of plaintiff, but not introduced by her, held not error.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Evidence ☞148—Permitting plaintiff, suing for delay in transmitting message, to testify as to conversation had over long distance telephone with sender, held not error.**

In action for delay in transmission and delivery of message, inquiring if plaintiff could accept position as teacher, permitting plaintiff to give conversation which she had over long distance with sender of message in an effort to obtain the position and minimize damages if possible *held* not error, though conversation was in a sense hearsay.

**8. Trial ☞194(15)—Instruction as to custom of delivering messages by telephone and that message would show when it was received held not charge on evidence.**

In action for delay in transmission and delivery of message, instruction that telegram showed when it was received in delivering office and that there was no dispute that a custom of delivering messages by telephone had been established *held* not objectionable as charge on effect of evidence.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by Emma Mathis against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Count 1 alleges that on the 3d day of September, 1924, defendant was engaged in the transmission of messages for hire, by telegraph, from Elberton, Ga., to Gadsden, Ala., and that B. M. Grier—

"did, for the benefit of plaintiff, deliver a certain message or telegram to said Western Union Telegraph Company in the town of Elberton, Ga., at to wit, 12:50 p. m., September 3, 1924, to be transmitted by telegraph to Emma Mathis, plaintiff, at or near Gadsden, Ala. Said defendant received and undertook to transmit and deliver the said message and said B. M. Grier did then and there pay the defendant the charge for transmitting said message. Said message was, in substance, as follows: 'Elberton, Ga., 12:50 P., September 3d, 1924. Miss Emma Mathis, Gadsden, Ala. Could you accept commercial department, High School, thirteen hundred, school opens Monday, wire immediately.' "

It is further averred that:

"It was the duty of the defendant to deliver said message within a reasonable time after it was received at Gadsden, Ala., at or near where plaintiff lived. Plaintiff avers that the defendant negligently failed to deliver said message to the plaintiff or to apprise her of its existence until 10:22 a. m., September 4, 1924. And plaintiff avers that, on. account of the defendant's negligence in not delivering the said message or telegram within a reasonable time, the plaintiff lost a valuable situation, which situation was vacant and open to her employment, and which had been obtained for her, which she could and would have accepted to her damage as aforesaid."

Plea 4 set up the stipulation upon the message blank, limiting the obligation of the company to deliver, without additional charge and previous provision for such delivery, the message at any point beyond a mile from the office of the defendant company at Gadsden, and averred that the plaintiff resided more than a mile from its office at Gadsden, and that the plaintiff was not to be found by the exercise of reasonable diligence by the defendant within a mile of the said office.

To plea 4, plaintiff filed the following special replications:

"(1) That she resided at the time of the receipt of said message and a long time prior thereto with her mother, Mrs. G. H. Mathis, and as a member of her family in East Gadsden, and defendant's agents or servants at the Gadsden office knew this fact, and that the home of said Mrs. G. H. Mathis was directly connected with the office of the defendant in Gadsden by telephone, and that for a long time prior to the receipt of said message it had been the custom of the defendant to deliver telegraph messages to said Mrs. G. H. Mathis and the members of her family residing with her, over the telephone, from said office in Gadsden, and that, at the time said message was delivered by the defendant at its Gadsden office, the plaintiff was at said residence, and would have received said message over the telephone if the defendant's agents or servants had made any attempt to so deliver said message, as they well knew.

"(2) That, at the time of the receipt of said message and prior thereto, plaintiff resided at the home of Mrs. G. H. Mathis, her mother, in East Gadsden, which said residence was directly connected by telephone with the office of the defendant in Gadsden, and that prior to the receipt of said message defendant's agents and servants at the Gadsden office had been instructed to deliver telegraph messages received by them to the members of the family of said Mrs. G. H. Mathis over said telephone, and that said defendant, its agents or servants, had agreed to said arrangement, and for a long time prior thereto under said arrangement had been delivering telegraph messages in accordance with this arrangement and had delivered messages to plaintiff, whom the defendant's agents or servants knew was a member of the family. of Mrs. G. H. Mathis, and plaintiff avers that at the time of the receipt of said message by the defendant at its Gadsden office she was at the home of Mrs. G. H. Mathis, and could and would have received said message over the telephone immediately upon its receipt by the defendant at its Gadsden office, had the defendant, its agents or servants, made any attempt so to deliver it."

Plaintiff introduced in evidence the deposition of Z. B. Rogers, vice president of the board of education of the city of Elberton, Ga. The tenth cross-interrogatory propounded to this witness, and his answer thereto, are as follows:

"Prior to 12:50 p. m. September 3, 1924, Miss Emma Mathis had never been elected by this board of trustees to fill any position with these

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

public schools, had she? Has she ever been so elected to fill any position? A. I never saw any communications from superintendent Grier to Miss Mathis. I do not know what he wrote or wired her. He was instructed to find a teacher for the place. He never reported to the board that he had offered the place to Miss Mathis, and never so told me. He did tell me that he had wired her, but I do not recall the date. He did not say what he had wired her, and I don't know."

Defendant excepted to these excerpts of the court's oral charge:

"A. Gentlemen of the jury, it is also without dispute in the evidence that a custom had been established by agreement between the defendant company and Mrs. Mathis, that the defendant company was to transmit any messages that came to them over Western Union Telegraph wires, to transmit such messages as that to Mrs. Mathis' home, over the telephone, whether they came to Mrs. Mathis in person or whether they came to a member of her family.

"B. The telegram shows when it was received in the Gadsden office."

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, and Goodhue & Lusk, of Gadsden, for appellant.

The complaint is subject to demurrer, in that it alleges only that the company received and undertook to transmit and deliver the message, but fails to aver an undertaking to *promptly* transmit and deliver; the parties, for aught appearing, may have agreed to a delayed delivery. Newton v. Brook, 134 Ala. 269, 32 So. 722; B. R., L. & P. Co. v. Abbott, 6 Ala. App. 643, 60 So. 970; W. U. T. Co. v. Smith (Tex. Civ. App.) 133 S. W. 1062; W. U. T. Co. v. Henry, 87 Tex. 165, 27 S. W. 63; Lewis v. S. W. T. Co. (Tex. Civ. App.) 59 S. W. 303; W. U. T. Co. v. Hawkins, 14 Ala. App. 295, 70 So. 12; McGehee v. W. U. T. Co., 169 Ala. 109, 53 So. 205, Ann. Cas. 1912B, 512. Plaintiff's replications do not confess and avoid the averments of the plea, but seek to predicate liability upon a theory variant from that alleged in the complaint. They are demurrable as a departure. Minge v. Clark, 190 Ala. 388, 67 So. 510. These replications are demurrable for failure to aver that the custom alleged was known to the sender and to the company at the point of origin, and that there was an agreement at the time to waive the stipulation as to delivery. Middleton v. W. U. T. Co., 197 Ala. 243, 72 So. 548. Defendant had the right, in view of its pleas, to introduce the original message, without proof of its execution by the sender. Code 1923, § 7664; McGehee v. W. U. T. Co., supra. The telegram in suit was not a definite offer of a position, which plaintiff could have converted into a binding contract by acceptance, and recovery cannot be had on the theory that delay in delivery proximately caused plaintiff to lose the position. 6 R. C. L. 600; 13 C. J. 288; Cherokee Co. v. W. U. T. Co., 143 N. C. 376, 55 S. E. 777, 118 Am. St. Rep. 806; Lincoln v. Erie Preserving Co., 132 Mass. 129; Wilson v. W. U. T. Co., 124 Ga. 131, 52 S. E. 153; W. U. T. v. Sights, 34 Okl. 461, 126 P. 234, 42 L. R. A. (N. S.) 419, Ann. Cas. 1914C, 204; Hadley v. Baxendale, 9 Ex. 341; Hall v. W. U. T. Co., 59 Fla. 275, 51 So. 819, 27 L. R. A. (N. S.) 639.

Alto V. Lee and Hood & Murphree, all of Gadsden, for appellee.

The complaint is sufficient. W. U. T. Co. v. Barbour, 206 Ala. 129, 89 So. 299, 17 A. L. R. 103; W. U. T. Co. v. Northcutt, 158 Ala. 539, 48 So. 553, 132 Am. St. Rep. 38; W. U. T. Co. v. Bowman, 141 Ala. 175, 37 So. 493. Plaintiff's replications were not subject to demurrer. W. U. T. Co. v. Bowman, supra. The conversation between the plaintiff and the sender of the message was admissible, as showing an effort on the part of plaintiff to minimize her damage. Miller v. Whittington, 202 Ala. 406, 80 So. 499. The message offered by defendant was properly excluded; there was no evidence to show it was the original paper filed. W. U. T. Co. v. Thomas, 209 Ala. 657, 96 So. 873. The affirmative charge was properly refused to defendant. W. U. T. Co. v. Bowman, supra; W. U. T. Co. v. Cunningham, 99 Ala. 314, 14 So. 579; W. U. T. Co. v. Seed, 115 Ala. 670, 22 So. 474, 41 L. R. A. (N. S.) 1188, note. The oral charge of the court did not amount to a comment on the effect of the evidence. Southern R. Co. v. Hayes, 198 Ala. 601, 73 So. 945; Allen v. Bannister, 210 Ala. 264, 97 So. 820.

ANDERSON, C. J. [1] Each of the counts of the complainant charges an undertaking by the defendant to transmit and deliver for a reward the message in question, and are not bad for failing to specifically aver an undertaking to "promptly" transmit and deliver. When a telegraph company accepts a message for transmission and delivery, it impliedly undertakes to do so promptly and without delay; otherwise there would be no need or advantage for people to resort to this method of communication. Moreover, the message carried upon its face the necessity for a prompt transmission and delivery. Western Union Telegraph Co. v. Barbour, 206 Ala. 129, 89 So. 299, 17 A. L. R. 103. None of the cases cited by appellant's counsel on this point are contrary to the present holding.

[2] We are of the opinion that the offer of the position and request for an answer were sufficient to impress upon the agents of the defendant the need for a prompt delivery and the probable loss to the plaintiff of the position in the absence of a prompt acceptance whether the offer was or was not unconditional, and the proof shows that the plaintiff would have gotten the position had there been a prompt delivery of the message and an acceptance by her.

[3] The trial court did not err in overruling the defendant's demurrer to plaintiff's replications 1 and 2 to the fourth plea. They set up an avoidance of the rule as set out in the plea or a waiver of same by the agents of the defendant because of a custom or understanding with the household of which plaintiff was an occupant to deliver messages over the telephone, the connection then existing, and being in good working order. These replications are unlike the class condemned in the case of Minge v. Clark, 190 Ala. 388, 67 So. 510. These replications do not set up a custom unknown to the parties, so as to fall under the influence of Middleton v. Western Union Co., 197 Ala. 243, 72 So. 548, but set forth an agreement or understanding with the defendant's agents to deliver messages over the telephone.

[4] The trial court did not commit reversible error in declining to suppress the deposition of the witness Rogers for a failure to answer cross-interrogatory 10, or because the answer was not responsive. True, the answer was not as pertinent and specifically responsive as it might have been, but we think the defendant got the benefit of a negative answer to said cross-interrogatory, as the effect of the answer plainly shows that plaintiff had not been elected by the board of trustees prior to the date of sending her the telegram by Grier, the superintendent. Indeed, there was no contention that she had been selected, as another had been and resigned, and the evidence tends to show that Grier was authorized to supply the vacancy.

[5] There was no error in admitting the message as received by the plaintiff in evidence. It had been repeated to her over the telephone, and was subsequently delivered by defendant's agent to her father.

[6] The trial court did not err in declining to let the defendant introduce what purported to be the original message. True, it was produced upon the demand or request of the plaintiff, but she did not introduce same, and the defendant did not have the right to do so without some proof of the genuineness of same; that is, that it was the message signed and delivered to it by Grier, the sender.

[7] We do not think that the trial court erred in permitting the plaintiff to give the conversation with Grier over the long distance telephone as soon as she got the message, as it was but an effort on her part to still get the position and minimize if possible the damages caused by the delay. True, this conversation was in a sense hearsay, but it was with the sender of the message, the superintendent of the school, and the one whom the jury could infer had authority to employ the plaintiff. Western Union Co. v. Bowman, 141 Ala. 175, 37 So. 493.

The evidence was sufficient to make out a case for the jury as to all of the counts, and the trial court did not err in refusing the general charge requested by the defendant.

[8] So much of the oral charge as excepted to by the defendant and set out in assignments of error 40 and 41 was not objectionable as charging upon the effect of the evidence. It was merely a statement of undisputed facts, and the criticism that it stated an agreement with the defendant, instead of its agents or servants, is hypercritical.

While we have not discussed all of the objections and contentions of the appellant, they have not been overlooked, and we find that the rulings of the trial court are free from reversible error.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.