[Brent v. Baldwin.]

# Brent *v.* Baldwin.

## *Damages For Fall of Building.*

(Decided April 21, 1909.   49 South. 343.)

1. *Landowners; Buildings; Fall; Complaint.*—Where the action was for damages resulting from the collapse of a building on an adjoining lot, an allegation that the collapse was caused by the defendant negligently permitting the building to be used for warehouse purposes with the knowledge that it was poorly constructed, and not strong enough for such use, was sufficient, and it was unnecessary to negative the negligence of the tenants of defendant as the proximate cause of the injury since that was defensive matter.

2. *Same; Evidence.*—Where the action was for damages for the collapse of a building, and there was evidence introduced tending to show that at a prior time the building had been practically destroyed by fire, and that a part of the east wall of the burned building had been used in reconstructing the building, it was competent to show by a witness whether in his opinion a building could be safely constructed by rebuilding on to the walls of the old building, where the objection was that as the east wall did not fall until after the collapse of the rear wall, the court could not, as a matter of law, say that the unsafe construction on to the east wall was the cause of the falling.

3. *Same; Instructions; Ignoring Phase of Case.*—Where the action was for damages for the collapse of a building on an adjoining lot, and in one count of the complaint it was alleged that the collapse was occasioned by the defendant negligently renting the building for warehouse purposes, with knowledge that its construction was such as to unfit it for such use, a charge asserting that if the defendant was not negligent in building and maintainig the building, but used ordinary care in respect thereto, defendant should recover was well refused, as ignoring that phase of the case made by the count, but also for failing to define the negligence and leaving it to the jury to determine whether defendant was negligent in constructing and maintaining the building without a rule to go by.

4. *Same.*—A charge asserting that unless defects in the walls described in the complaint were the cause of the collapse, the jury could not consider the fact that the walls did not comply with the city building laws in determining whether the defendant was negligent in constructing the building, was properly refused as misleading, and because the jury was authorized under the evidence to find that the defective wall was the proximate cause of the injury.

5. *Same; Ignoring Phase of the Case.*—A charge asserting that if defendant exercised ordinary care in selecting an architect and contractor to rebuild the building when it was burned down and there was no apparent defect in the building, and defendant had no knowledge that it was weak, defective or unsafe, she was not

[Brent v. Baldwin.]

negligent in building or maintaining the building, and not liable
for the falling thereof, ignored a phase of the case made by a count
in the complaint that the building was rented for warehouse pur-
poses with the knowledge on the part of defendant that it was un-
suited for that purpose, and as a proximate consequence thereof,
fell.

6. *Appeal and Error; Assignment; Including Several in One.*—
If several errors are included in one assignment all the matters
therein complained of must constitute error or the assignment can-
not be sustained.

7. *Pleading; Facts or Conclusions; Contributory Negligence.*—A
plea of contributory negligence interposed as a defense to an action
for damages from the collapse of a building which avers merely
that plaintiff failed to take such precautionary measures to protect
himself against injury as a reasonably prudent man would have
taken under similar circumstances, was not only the mere statement
of a conclusion but was indefinite and without statement of facts,
as to what precautionary measures plaintiff as a reasonably prudent
and cautious man should have taken.

8. *Master and Servant; Independent Contractor; Compliance With
Direction of Owner.*—Where a building is constructed by a contrac-
tor in compliance with the contract and specifications made by the
owner, and the building falls, the owner cannot escape liability be-
cause the building was erected by an independent contractor.

9. *Trial; Reception of Evidence; Materiality.*—Where the court
is not informed what is expected to be elicited by a question, and
it cannot be determined from the question whether the answer will
be material or not, the court cannot be put in error for sus-
taining objection to the question.

10. *Evidence; Secondary Evidence; Predicate.*—Where no predi-
cate was laid showing a loss and inability to find and produce the
original list of goods damaged and undamaged, a copy of the lists
was not admissible, and where it appears that the copy offered was
only a summary of the original and not an exact copy, it would not
have been competent had the predicate been laid.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by J. F. Baldwin against Rosella K. Brent
for damages to building and stock of goods therein caus-
ed by a collapse of defendant's building on an adjoin-
ing lot. Judgment for plaintiff and defendant appeals.
Affirmed.

The trial was had on three counts of the complaint;
the second, the third, and the fifth as amended. In the
second count the negligence averred is that the defend-
ant so negligently built, constructed, or maintained her

building that the same was unsafe and liable or likely to fall. The negligence averred in the third count is that said building was so negligently constructed that it was liable to fall, and that the defendant, with knowledge of such defective condition, allowed it to remain in such condition. The negligence of the fifth count is sufficiently stated in the opinion. The pleas are sufficiently discussed in the opinion. The question propounded to Breeding is as follows: "State whether, in your opinion, it was a safe construction to rebuild onto the walls of that building, where a fire had occurred, without tearing the wall down to the ground." The tendency of the evidence was to show that a part of the east wall of the burned building had been used in its reconstruction after the building had been practically destroyed by fire, and the objection interposed was because the east wall of the building did not fall until after the collapse of the rear wall, and the court could not say as a matter of law that the unsafe construction of the east wall was the cause of the falling.

The following charges were refused to the defendant: (2) Affirmative charge as to the second count. (3) Affirmative charge as to the third count. (4) Affirmative charge as to the fifth count. (5) "If the jury believe from the evidence that the defendant was not negligent in building, constructing, and maintaining the building described in the complaint, but exercised ordinary care in regard to the same, then your verdict must be for the defendant." (6) "Unless the jury believe from the evidence that defects in the walls of the building described in the complaint were the cause of the collapse of the said building, they cannot consider the fact that said walls were not built in accordance with the building laws of the city of Birmingham, in determining whether or not defendant was guilty of negligence

in the construction of said building." (7) "If the jury believe from the evidence that the defendant exercised ordinary care and prudence in the selection of an architect and contractor to rebuild her building when it was burned down, and there was no apparent defect in said building, and defendant had no knowledge that said building was weak, defective, and unsafe, then she was not guilty of negligence in building, constructing, or maintaining said building, and was not liable for the falling in of said building, and your verdict must be for the defendant."

R. H. THACH, for appellant.—The trial court erred in sustaining demurrers to the 4th, 5th and 6th pleas. —*F. & T. I. Co. v. Werlien,* 34 L. R. A. 363; 42 La. Ann. 1046; *Ryder v. Kincey,* 34 L. R. A. 557. Counsel discuss assignments of error as to evidence, but without citation of authority. The defendant was entitled to the general charges on the authority of the following cases.—*Birmingham v. McCary,* 84 Ala. 469; *Scarborough v. R. R. Co.,* 94 Ala. 499; *Massey v. Oates, in MSS; Jacobs v. Fuller, et al.,* 65 L. R. A. 833; 3 Mayf. 1033; 5 Mayf, 514. (Applicable to the doctrine of independent contractor.)

CABANISS & BOWIE, for appellee.—The objection taken to the complaint by demurrer sets up matter that was defensive which need not be negatived by the complaint. —*House v. Metcalf,* 27 Conn. 631; Jones Landlord & Tenant, secs. 599 and 607. The second assignment of error contains several matters in one assignment, and unless all are good the assignment cannot be sustained.—*Western Ry. v. Arnett,* 137 Ala. 425. It is too general.—*Williams v. Coosa Mfg. Co.,* 138 Ala. 673; Rule 1, Sup. Ct. Prac. A copy of the list of the goods

damaged was not admissible, because no predicate was laid as to loss. In any event, it was a mere summary or compilation, and was not competent evidence.—*Acklen v. Hickman*, 63 Ala. 494. The doctrine of independent contractor does not apply since the builder or owner is liable for the injurious acts of the contractor which flow out of the fulfilment of the contract.—*Pitts v. Kingsbridge, etc.*, 19 Week. Redd. 884; 39 Conn. 386; 63 Conn. 495; 11 Am. St. Rep. 136; 73 Mich. 405; 59 Am. Dec. 731. Counsel discuss refused charges but without citation of authority.

DOWDELL, C. J.—The fifth count of the complaint, as amended, was not subject to the demurrer interposed. As amended, the count charged negligence as follows: "Plaintiff avers that the damages sustained by him as aforesaid were proximately caused by the negligence of the defendant in this: The defendant, or her duly authorized agent, who had control of said building, had knowledge that said building was weak and poorly constructed, and incapable of standing up under a heavy load, and negligently rented said building for warehouse purposes, knowing that the same was unfitted for said purposes, and that as a proximate result of the use of the building for such purposes it was liable to fall. And plaintiff avers that as a proximate result of the use of said building by the tenants of defendant, to whom it was rented as aforesaid, for such warehouse purposes, said building fell and damaged the plaintiff as aforesaid." The objection taken on the demurrer is the failure of the complaint to negative negligence on the part of defendant's tenants as the proximate cause of the injury. This was defensive matter, available to the defendant under proper plea, and not necessary to the sufficiency of a complaint charging injury to defendant's negligence.

The second assignment of error on the record is as follows: "The trial court erred in sustaining plaintiff's demurrer to the fourth, fifth, and sixth of defendant's pleas." The appellant can take nothing by this assignment, if the demurrer was properly sustained as to any one of said pleas. It is a single assignment, and cannot be good in part and bad in part, but to be supported it must be good in whole.—*Western Ry. of Ala. v. Arnett*, 137 Ala. 425, 34 South. 997. The fourth plea, as a plea of contributory negligence, is bad for indefiniteness and uncertainty. The averment that "the plaintiff failed to take such precautionary measures to protect himself against injury as a reasonably prudent man would have taken under the like or similar circumstances" is but the statement of a conclusion of the pleader. It does not state as a fact what precautionary measures, if any existed, that the plaintiff as a reasonably prudent man might have taken to avoid the injury. For aught that appears to be contrary there was nothing that plaintiff could have done to protect himself against injury. If there was anything that he could have done to protect himself, it is not shown by the plea. This plea was bad on demurrer, and consequently the assignment of error is unsupported. We are not to be understood as intimating, in considering only the fourth plea, that the others are good. As to the other pleas we intimate nothing, it being unnecessary to the determination of the case to consider them.

The negligence averred in the second and third counts of the complaint was the unsafe construction of the building. There was evidence that showed that the building that fell had been practically destroyed by fire before that time, and that the walls used in the construction of the building had been damaged and injured by the fire. In this connection the evidence sought

[Brent v. Baldwin.]

by the question to the witness H. S. Breeding was relevant, and there was no error in overruling the objection to the question on the grounds stated.

The fourth assignment of error unites in the assignment two separate rulings of the court, and unless both are good nothing can be taken by this assignment under the rule stated above as laid down in *Western Railway v. Arnett, supra.* It is plain that no error can be predicated on the action of the court in overruling the first question to the assignment. The question was: "I will ask whether or not you told anything to the architect about the character of the plans of the building to be furnished." The trial court was not informed as to what the defendant expected to elicit in answer to this question. It cannot be determined from the question whether the answer would be material or not. The materiality of the answer not being disclosed by the question, the trial court cannot be put in error in sustaining an objection to it.

There was no error in excluding, on plaintiff's objection, the copy of the lists of damaged and undamaged goods. The rule is that, before secondary evidence is admissible, the absence of the primary or best evidence must be satisfactorily explained. In the present instance the predicate for the introduction of the copy offered was not sufficient, as showing a loss and inability to find and produce the original. Moreover, the testimony of the witness Martin, which was not disputed, showed the lists offered were not a true copy. He says: "The lists were compiled from the book, and were not an exact copy of what was in the book, but only a summary." The "copy" offered, being only a summary of the original, was incompetent.—*Acklen v. Hickman,* 63 Ala. 494, 35 Am. Rep. 54.

41—160

It is insisted by appellant that the general affirma-
tive charge, as requested in writing, should have been
given, and that in its refusal the court erred.. This
contention is made upon the theory that the alleged
injury is alone attributable to the independent contrac-
tor. There is no evidence that the building was not con-
structed in accordance with the contract; but, on the
contrary, the evidence is the other way. The contract
called for what was done. The principle stated in the
case of *Chattahoochee & Gulf R. R. Co. v. Behrman,*
136 Ala. 508-511, 35 South. 132, 133, is applicable here.
It was there said: "The general rule is that all parties
participating in a wrongful act, directly or indirectly,
whether as principals or agents, or both, are jointly
and severally liable in damages for the wrong done,
where injury results. And it is upon this principle
that the owner or proprietor is liable for the act of an
independent contractor, where the contract itself calls
for the doing of the act causing the injury and damage,
and that act is done in pursuance of the contract."—
*Alabama Midland Railway Co. v. Coskry,* 92 Ala. 254,
9 South. 202. "If a building is constructed by the own-
er, or through his direction, so as to be insecure and un-
safe and of such inherent weakness as to fall without
external or internal forces acting upon it, he cannot be
relieved from liability for injury thereby caused to a
person lawfully in the public highway adjoining, on the
ground that it was built by an independent contractor."
—*Wilkinson v. Detroit Steel & Spring Works,* 73 Mich.
405, 41 N. W. 490. The principle stated in this case
sustains the proposition that, where the building is con-
structed according to the contract, the owner or pro-
prietor cannot shelter himself under the doctrine of in-
dependent contractor. A number of cases will be found
cited in brief of counsel for appellee in support of the

doctrine above stated. The court on the theory urged in argument committed no error in refusing the general charge.

Charges 2, 3, and 4, requested by the defendant, were bad in form, and for this reason, if no other, were properly refused.—*L. & R. R. R. Co. v. Sandlin,* 125 Ala. 585, 28 South. 40; *Dorsey v. State,* 134 Ala. 553, 33 South. 350; *Goldstein v. Leake,* 138 Ala. 573, 36 South. 458.

The fifth charge requested by the defendant ignores the phase of the case made by the fifth count of the complaint as amended. Besides, this charge does not define negligence, and leaves the jury without a rule by which to determine whether or not the defendant had been guilty of negligence in constructing and maintaining the building.

The sixth charge was properly refused. There was evidence tending to show that the plaintiff was damaged by the falling of the wall on his property, and, whether the defective wall was the cause of the collapse of the building or not, it was still open to the jury under the evidence to find that the falling of this defective wall was not the proximate cause of the injury to plaintiff's property. Moreover, the charge was not free from misleading tendencies.

The seventh charge, like the fifth, ignores the phase of the case made by the fifth count of the complaint as amended, and this was sufficient reason, apart from any other, to justify the court in its refusal.

We find no reversible error in the record, and the judgment will be affirmed.

Affirmed.

SIMPSON, ANDERSON, and MAYFIELD, JJ., concur.