# Burton *v.* Phillips, *et al.*

*Failure to Enter Partial Payment of Mortgage.*

(Decided Dec. 11, 1911.　57 South. 152.)

1. *Appeal and Error; Assignment; Joint.*—Where the assignment is that the court erred in overruling demurrers to the first and second count, and one of the counts was not subject for any of the grounds of demurrer assigned, the joint assignment is not sustained.

2. *Same; Waiver.*—Assignments of error not insisted upon in brief or argument are deemed to be waived, and where counsel merely assert in brief that the refusal of certain charges was error, the court will not review the charges assigned.

3. *Mortgages; Satisfaction; Penalty; Evidence.*—In a suit to recover the statutory penalty for a failure to enter payment on the margin of the record, it was immaterial whether another person was indebted to the mortgagee before that particular mortgage was executed.

4. *Evidence; Admissions; Predicate.*—Where the evidence is of such a character as to constitute an admission by the adverse party it is not necessary to lay a predicate or foundation for its admission.

5. *Trial; Reception of Evidence; Relevancy.*—A court will not be put in error for sustaining an objection to a question in the absence of any disclosure as to how the answer would be material, although subsequent developments in the trial showed it to be admissible.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. RAY.

Action by C. W. Phillips and others against Adeline Burton for penalty for failure to enter partial payment upon a mortgage.　Judgment for plantiffs, and defendant appeals.　Affirmed.

Count 2 is as follows: "Plaintiffs claim of the defendant $200, the penalty provided for by Section 4897 of the Code of Alabama, and they aver that heretofore, to wit, on the 10th day of Juy, 1899, they executed to the defendant, Adeline Burton, a mortgage to secure an indebtedness, which said mortgage is of record in Book AA of Mortgages, p. 412, in the office of the judge of

probate of Walker county, Alabama.    Plaintiffs aver
that on, to wit, the 4th day of June, 1908, after said
mortgage had been fully paid or satisfied, and after the
defendant had received full payment or satisfaction,
they requested said defendant in writing to enter the
fact of payment or satisfaction on the margin of the
record of the mortgage.    Plaintiffs aver that, although
more than two months had passed since said request was
so made to the defendant, she has wholly failed to so
enter the fact of payment or satisfaction on the margin
of the record of said mortgage.    Plaintiffs further aver
that there is not pending a suit in which the fact of pay-
ment or satisfaction of said mortgage is or may be con-
tested, and that no suit has been instituted in which the
fact of payment or satisfaction is or may be contested."

The demurrers to this count were as follows: "Be-
cause same states no cause of action.    Because the same
fails to aver that said mortgage is fully paid and satis-
fied.    Said count fails to allege that plaintiffs made pay-
ment of said mortgage to defendant."

The testimony of the plaintiffs tended to show that
the mortgage was given to secure two notes, one for $20,
due at a certain date, and one for $35, due at another
date; that W. F. Wright was his stepfather, and inter-
ested in the land, and that W. T. Wright was also in-
terested in the land; and he and W. T. Wright gave W.
F. Wright the money to pay the $20 note, and went with
him to the house of Mrs. Burton, but did not go in, and
that when W. F. Wright came out he had with him the
$20 note; that later on he gave W. F. Wright $10, and
W. T. Wright gave him $20, and W. F. Wright was to
furnish the other $5 to pay off the $35 note, and that he
went to Mrs. Burton's, but the witness did not know
whether he paid her or not, although he afterwards in-
stituted a proceeding against her to have her settle the

[Burton v. Phillips, et al]

mortgage. It also appeared that W. F. Wright conduct-
ed all negotiations concerning the land and the mort-
gage, but did not sign the mortgage. Whereupon, on
cross-examination, the defendant propounded to C. E.
Phillips the following questions: "Don't you know that
Squire Wright (who was W. F. Wright) owned Mrs.
Burton a debt on July 1, 1899?" The court sustained
objection. The question to Irwin Wright was: "Did you
hear a conversation between John Powell and Mrs. Bur-
ton, some two or three years ago, somewhere between
the places where John Powell lives and where Mrs. Bur-
ton lives?" The witness answered, "Yes," and detailed
the following: "This conversation was near Shannon's
Push, Shannon's little mine; but I have no idea what
time it was. Mr. Powell asked her if she held a note
against Mr. Wright, and she said she held a small note,
and a part of it had been paid. It did not amount to
much. She said the credits were written with a pencil,
and she took a pen and ink and went over it to make it
plain. At the time they were talking about some land
that Powell bought from the Wrights. The conversation
was about some debt on the land." Seasonable objection
was interposed to the question and answer.

ZAC P. SHEPERD and D. A. McGREGOR, for appellant.
Counsel discuss the assignments of error, but without
citation of authority.

J. D. ACUFF and R. A. COONER, for appellee. Counsel
discuss the assignments of error and insist that the case
shoud be affirmed on the authority of the former appeal.
—49 South. 448.

WALKER, P. J.—The first assignment of error is as
follows: "The court erred in overruling defendant's de-
murrers to the first and second counts of the complaint."

Obviously the second count was not subjected to demurer on either of the grounds stated. The counsel for the appellant do not even claim in argument that the demurrers to that count should have been sustained. When two or more rulings are embraced in one assignment of error, if either of the rulings was free from error, the appellant can take nothing by the assignment, as a single assignment of error, to be supported, must be good in whole.—*Brent v. Baldwin,* 160 Ala. 635, 49 South. 343.

This is a suit to recover the statutory penalty for the alleged failure of the defendant to enter payments on the margin of the record of a mortgage executed by the plaintiffs to her. C. W. Phillips, one of the plaintiffs, was the first witness examined in their behalf. He testified that the mortgage was given for the price of real estate purchased from the defendant, and that it and the notes secured by it were executed and bore date July 10, 1899. His testimony also tended to show that payments had been made on the mortgage. There was nothing in his testimony to indicate how the question as to whether a person other than the mortgagors, Squire Wright, was or was not indebted to the defendant before the mortgage was executed, could be at all relevant or material to any issue in the case. At this stage of the trial the witness was asked on his cross-examination: "Didn't you know that Squire Wright was owing Mrs. Burton a debt on July 1, 1899?"

In the absence of any disclosure to the court as to how the answer of the witness to the question could be relevant or material testimony, it is not to be charged with error because of its action in sustaining an objection to the question. It may be conceded that, in the light of subsequent developments in the trial, an affirmative answer to the question might have had some ten-

[Burton v. Phillips, et al]

dency to sustain a contention advanced by the testimony of the defendant. But, at the time the question was asked, the court was justified in treating it as an inquiry in reference to a matter foreign to the issues in the case. As the bill of exceptions does not show that it was then made known how the answer of the witness to the question might have a bearing on the issue in the case, the court is not to be charged with error because of its refusal to permit the prosecution of an inquiry then apparently irrelevant and immaterial.

There was no error in the refusal of the court to exclude the answer of the witness Irwin Wright to the question in reference to a conversation between John Powell and the defendant, on the ground that no predicate had been laid for the admission of the proof. The matter deposed to was an admission by the defendant as to the subject in controversy in the case. If the testimony is of such a character as to constitute an admission by the adverse party to the suit, it is not necessary to lay a predicate or foundation for the reception of the evidence. Jones on Evidence, § 236. The rule as to laying a predicate for the admission of proof of contradictory statements made by a witness has no application here.

The refusal of the court to give charges 2, 3, 5, and 6 requested by the defendant is made the subject of one assignment of error. Some, if not all, of those charges were obviously faulty. Besides, this assignment of error is to be treated as waived, as the counsel for the appellant do no more in the way of argument in support of it than mention the four charges and assert that the court erred in refusing to give them.—*Fitts v. Phoenix Co.*, 153 Ala. 635, 45 South. 150.

Affirmed.