# Lamb *v.* Pate.

## *Assumpsit.*

(Decided April 16, 1912.   58 South. 943.)

1. *Exceptions; Bill of; Establishing.*—Where the correct bill of exceptions was not presented to the trial judge within ninety days from the date of the judgment, and the application to establish the alleged bill was not filed in this court within sixty days from the failure or refusal of the judge to sign, this court cannot establish it as the bill of exceptions.   Sections 3019 and 3021, Code 1907.)

2. *Appeal and Error; Assignment; Joint; Sufficiency.*—Where an assignment of error embraces rulings of the court on demurrers to several pleas, it is not sustained if each ruling was not erroneous.

3. *Tender; Plea; Sufficiency.*—A plea of tender of a certain amount of money into court which failed to allege that the sum tendered was the whole amount due plaintiff including court costs, or that the tender was made before suit brought was demurrable.

APPEAL from Lauderdale Circuit Court.

Heard before Hon. C. P. ALMON.

Action by J. A. Pate against A. M. Lamb. From a judgment for plaintiff, defendant appeals.   Affirmed.

The eight plea is as follows: "The defendant further pleads that before the trial had in this cause in the J. P. court of C. W. Lemay she tendered the sum of $9.40 in money with court, which said sum is still in the hands of the court, and she pleads said tender to this suit." Plea 10: "Defendant further says that the foundation of said alleged charge made against defendant is for medical services rendered for her and her family under and by virtue of an alleged contract, agreement, or promise made by her prior to said count, during or about the year 1904; that said alleged contract or agreement was not in writing, and is void under the statute of frauds as being a contract not to be performed within a year." The demurrer to plea 8 was that it did not allege that the sum tendered was the whole amount due plaintiff; that

it did not allege that the tender was made before suit, and that the cost of court had been tendered. The record does not show demurrers to plea 10.

PAUL HODGES, for appellant. Where a special finding is demanded in writing, the court cannot enter judgment until the special finding has been made and entered on the minutes.—*Brock v. L. & N.*, 114 Ala. 451. Counsel insists that this fact should have been incorporated in the bill of exceptions, and that under the affidavits on file, the court should have incorporated this in the bill of exceptions, and that the bill of exceptions presented was correct and should have been signed. The other matters insisted upon relate to matters shown by the bill of exceptions sought to be established.

W. H. MITCHELL, for appellee. The bill of exceptions was not presented to the trial judge within ninety days from the date of the judgment, nor was the motion to establish it made sixty days from the date the judge refused to sign it.—Sections 3019 and 3021, Code 1907; *Edinburgh L. M. Co. v. Canterbury*, 53 South. 823; *Cooley v. U. S. S. & L. Co.*, 144 Ala. 536.

WALKER, P. J.—The appellant's motion to establish a bill of exceptions is overruled. The record shows that the judgment of the court below was entered on March 15, 1910. The paper which the appellant claims was a correct bill of exceptions was not presented to the trial judge within 90 days from that day, as required by statute, and the appplication to establish the alleged bill of exceptions was not filed in the Supreme Court within 60 days from the alleged refusal or failure of the trial judge to sign the same, as also required by statute. Code, §§ 3019, 3021.

The ruling of the court on the demurrers to pleas 3, 4, 5, and 8 are embraced in one assignments of error. The

appellant can take nothing by this assignment, unless each of the rulings mentioned in it was erroneous.— *Brent v. Baldwin,* 160 Ala. 635, 49 South. 343.

It is obvious that the demurrer to the eighth plea was properly sustained.

For a like reason the assignment of error embracing the rulings on the demurrers to plea 9 and 10 cannot be sustained, as plea 10 plainly was subject to the demurrers interposed to it.

Affirmed.