### KIMBRELL v. ST. LOUIS–SAN FRANCISCO RY. CO.

2 Div. 962.

Supreme Court of Alabama.

April 17, 1930.

Rehearing Granted June 26, 1930.

506

Wm. Cunninghame, of Linden, and Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

W. F. Herbert, of Demopolis, and J. F. Aldridge, of Eutaw, for appellee.

SAYRE, J.

No decision is necessary with reference to the ruling sustaining the demurrer to count 2. That count attributes plaintiff's (appellant's) injuries to a defect in the track of the railway, which was being constructed for defendant by contractors according to plans furnished by defendant; that defect being known to defendant but unknown to plaintiff. The count charged plaintiff's injury to a defect in the track over which plaintiff was operating a motor car; the defect consisting of the absence of shims between the rails which were being laid according to plans prescribed by defendant. Shims are placed between the ends of the rails as they are laid to allow for expansion, without buckling, when the temperature rises. But the question whether due care required the use of shims when and where defendant's track was laid with relay or secondhand rails (as without dispute was the case) constituted one of the issues of fact on which the case was tried. Another issue arose out of defendant's contention that the accident in which the car was derailed and plaintiff hurt was caused by crawling earth, for which defendant could not be held responsible, since the track, still in process of original construction, had not yet been turned over to it. Still another issue was presented by defendant's plea "in short by consent * * * contributory negligence and assumption of risk, with leave to give in evidence," etc. The counts of the complaint, other than the second, framed to charge negligence in the most general way, made proper the admission of evidence on the issue as to shims, it was in fact fully inquired into by both parties, and plaintiff was deprived of no opportunity to prove his case.

The court gave, at defendant's request, the general charge against counts 1 and 3.

Appellant appears to place great store by the opinion in L. & N. v. Williams, 199 Ala. 453, 74 So. 382, 383. In that case plaintiff's intestate was employed by a contractor, who was building a bridge for the defendant railroad company. While intestate was working on the bridge, a part of defendant's track then in use, defendant ran a train over him, causing his death. The statement of the opinion is that "plaintiff's intestate in his work was under the supervision and orders

of the defendant's civil engineer. Under the following authorities the intestate was an employee of the defendant, in so far as the question here involved is concerned"—citing a number of cases. The further statement of the opinion is that the bridge was being repaired by a construction company, "the laborers operating under the superintendence of plaintiff's intestate." There was a strong dissent, in which it was contended that plaintiff's intestate was not an employee. Whatever may now be thought of that case, decided in 1916, to hold now that plaintiff here was a servant of defendant would put plaintiff out of court. Code 1923, § 7546 (Act of 1919).

Plaintiff in the present case was an employee of an independent contractor. The road was being constructed by the contractor according to plans furnished by defendant. Liability for plaintiff's injuries cannot be imputed to defendant unless upon the ground that the plans furnished were defective for that they directed the contractor to dispense with the use of shims. Looker v. Gulf Coast Fair, 203 Ala. 44, 81 So. 832; Brent v. Baldwin, 160 Ala. 635, 49 So. 343. In the original plans, the use of shims was prescribed; but prior to the time of plaintiff's hurt defendant had ordered that their use be discontinued; this, we think, it must be inferred, for the reason that relay or secondhand rails were used and the weather was getting warm. It may be conceded that the evidence as to whether due care required the use of shims at the place where plaintiff was injured admitted of conflicting inferences and so was a question for jury decision. But, if plaintiff knew that shims had been dispensed with, and was well informed of the danger, if any, thereby created, and continued, nevertheless, to work upon the track, moving over it in the motor car, he was guilty of contributory negligence, assumed the risk, or voluntarily incurred the danger—the different phrasing of the proposition being, as we conceive, not of controlling importance—and should not have been allowed to recover.

In our original opinion it was held that the trial court had not erred in giving the affirmative charge on defendant's request. On plaintiff's application for a rehearing, the evidence has again had careful consideration, and this court now holds that plaintiff's case had support in some tendencies of the evidence on all issues of fact involved and that such tendencies, however inconclusive they may have been, were, under the system long prevailing in the courts of this state, due to be weighed, and the result, in the first place, at least, determined by the jury.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.