# McEntire, Wagnon & Thomas Co.
# v. Rock Hill Buggy Co.

## Trover.

(Decided May 11, 1911.   55 South. 494.)

1. *Sales; Conditional Sales; Conversion; Bona Fide Purchaser.*— Where M as secretary and treasurer of a hardware company, bought certain buggies under a conditional sale contract, reserving title in the plaintiff until the buggies were paid for, and before the arrival of the buggies, the hardware company suffered a loss by fire, after which M organized the defendant company, becoming president thereof, and turned over to it the buggies in question in payment for shares of the capital stock in defendant's company, the transfer of the buggies was not a sale in the ordinary course of business, and M being the alter ego of both corporations, the present defendant corporation was charged with notice of the plaintiff's title, was not a bona fide purchaser, and therefore not entitled to take the goods free from plaintiff's claim.

2. *Principal and Agent; Traveling Salesman; Authority.*—Where plaintiff's traveling salesman had no authority to collect the purchase money for goods sold, he had no authority to consent to the sale of goods, freed from the rights acquired by plaintiff under the conditional contract.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Trover by the Rockhill Buggy Company against the McEntire, Wagnon & Thomas Co., for the conversion of certain buggies.   Judgment for plaintiff and defendant appeals.   Affirmed.

HOOD & MURPHREE, for appellant.   The evidence was such as to authorize the jury to find that plaintiff's traveling salesman had authority to consent to the transfer of the buggies to the defendant corporation.— *B'ham M. R. R. Co. v. T. C. I. & R. R. Co.,* 28 South. 679. If he had such authority, and did consent to the transfer of the buggies, this operates as an estoppel to the bringing of this suit.—*Harris v. B. & L. Asso.,* 122 Ala.

545. Counsel discuss other matters but without further citation of authority.

A. E. GOODHUE, and KNOX, A'CKER & BLACKMON, for appellee. The sale of the buggies was not in the usual course of business, and the purchaser was not protected as against the conditional sale contract.—6 A. & E. Encyc. of Law, 483; *Burbank v. Croker*, 66 Am. Dec. 470; *Pratt v. Burhands*, 22 Am. St. Rep. 703. No authority is shown in the traveling salesman to either consent to or authorize the sale.

SIMPSON, J.—This action is by the appellee against the appellant for the conversion of 35 buggies, some of the counts being in the common form for conversion, and others setting out the facts: That the buggies were delivered by the plaintiff to McEntire Hardware Company, a corporation, under a written contract of sale which provided as follows, to wit: "As the security for the payment of said vehicles, or of any notes or acceptance which may be given as per above agreement, or any renewals of the same, or other indebtedness, we do hereby agree that the right and title to said vehicles shall be and remain in said Rock Hill Buggy Company until the same is fully paid." That no part of the purchase money had been paid, and that the defendant, with full notice of the plaintiff's right and title in and to said buggies, converted said buggies to its own use. The contract of sale is in evidence, and shows the conditions of sale, as stated in the complaint.

The evidence shows that R. L. McEntire, who was secretary and treasurer of said McEntire Hardware Company, made the contract of purchase with the plaintiff's traveling salesman, and signed the contract, "McEntire Hardware Co., per R. L. McE.," and shortly be-

fore the arrival. of the buggies said McEntire Hard-. ware Company suffered the loss of its stock of goods by fire; that the goods were stored in a warehouse; that said R. L. McEntire organized another corporation, by the name of McEntire, Wagnon & Thomas Company, of which he became president, and turned the buggies over to said new corporation (the defendant) in payment of the shares of the capital stock in said new company held by said R. L. McEntire. Under a sale like this, where the seller retains the title to the goods until paid for, while it is true that a purchaser in the regular course of trade would be protected, yet a purchaser (with notice) of the entire lot, not in the regular course of trade, would take the goods subject to the right of the seller to reclaim his goods.—6 Am. & Eng. Ency. Law, 483, notes, and cases cited; Code 1907, § 3393.

The cases on the subject of notice to an agent while acting for another not being imputable to a subsequent principal for whom the same party acts (*Morris et al. v. First National Bank,* 162 Ala. 301, 50 South. 137, and *Central of Georgia Railway Co. v. Joseph,* 125 Ala. 313, 28 South. 35) have no application to a case like the present, where the person was the alter ego of both corporations, selling as the alter ego of one to himself as the alter ego of another. As said by this court, "It would be a psychological impossibility for him to have a different consciousness respecting the affairs of the debtor corporation, as general manager of his company, from what he had individually," or, in this case, from what he had as the alter ego of the other.—*Lea et al. v. Iron Belt Mercantile Co.,* 147 Ala. 421, 429, 42 South. 415, 8 L. R. A. (N. S.) 279, 119 Am. St. Rep. 93, et seq. A sale by the purchaser to himself, or to another corporation of which he is president, he representing both corporations in the transaction, and re-

ceiving payment for the same in the cancellation of his own debt to the purchasing corporation, could not, under any principle of law, be considered as a sale in the usual course of trade, and the purchasing corporation could not be considered as an innocent purchaser without notice.

The only defense offered by the defendant is that the plaintiff's traveling salesman consented to the sale to the new corporation. The evidence shows, without conflict, that said traveling salesman had no such authority, and did not have even the authority to collect the purchase money. The witness who, as the officer of the original purchaser, bought the goods and signed the contract, and who professes to have sold the goods to himself as the president of the new corporation, testifies that he did not tell the traveling salesman how the goods were to be paid for, so that, even if said salesman had had the authority to agree that the goods might be sold to the new corporation, the presumption would be that they were to be sold subject to the same conditions as are mentioned in the original contract of sale. The court cannot indulge the violent presumption that a seller, who had not been willing to sell in the first instance without retaining title until the goods were paid for, would authorize its traveling salesman to permit the original purchaser, after he had been burned out and was not able to continue in business, to sell the goods and take payment in the cancellation of his own debt.

The court properly gave the general charge in favor of the plaintiff. The judgment of the court is affirmed.

Affirmed.

McCLELLAN, MAYFIELD, and SOMERVILLE, JJ., concur.