(83 South. 139)

**BURNWELL COAL CO. et al. v. SETZER.**
(6 Div. 872.)

(Supreme Court of Alabama. May 22, 1919.
Rehearing Denied Oct. 23, 1919.)

1. EQUITY ⬤═148(3)—PLEADING; PRAYER FOR ALTERNATIVE RELIEF.

Where a bill in the alternative sought to declare a conveyance a general assignment under Code 1907, § 4295, or to have the same declared fraudulent as to creditors, the prayer for alternative relief did not render the bill bad.

2. FRAUDULENT CONVEYANCES ⬤═273 — INTENT OF GRANTOR; PRESUMPTIONS.

While a fraudulent intent on the part of the grantor is necessary before a conveyance can be set aside as fraudulent, fraud may arise as an inference of law, and when the conveyance is made under such circumstances that the result must necessarily be to hinder and delay creditors, it will be presumed that such was the intent of the grantor.

3. FRAUDULENT CONVEYANCES ⬤═156(1), 158 (1), 162(1)—NOTICE TO TRANSFEREE; PARTICIPATION IN FRAUDULENT INTENT.

In order to defeat a transfer which has been made with the intent to defraud creditors, it is not necessary to show that the transferee had actual notice of, or was an actual participant in the fraud of the grantor, but it is sufficient if at the time of, or before making the transfer, the transferee had notice of such facts and circumstances as would arouse the suspicions of an ordinarily prudent man, and cause him to make inquiry, which inquiry would disclose the grantor's fraudulent intent.

4. FRAUDULENT CONVEYANCES ⬤═216—CREDITOR'S RIGHT OF ACTION FOR DEATH; ACCRUAL OF CLAIMS.

The claim of the administrator of one killed through another's negligence accrues upon the commission of the tort, and should date therefrom, regardless of the time of bringing the suit or obtaining judgment; and, in determining whether the tort-feasor's conveyance of all of its property was fraudulent, the date of the commission of the tort must be considered as the time when the administrator acquired the claim against the tort-feasor.

5. FRAUDULENT CONVEYANCES ⬤═271(½) — BURDEN OF PROVING INDEBTEDNESS.

A judgment in an action for wrongful death is only evidence of a debt or demand as of the time of its rendition, and where the tort-feasor conveyed all of its property before recovery of the judgment, it is incumbent on the administrator of the decedent to establish the existence of the demand at the time the conveyance was made.

6. FRAUDULENT CONVEYANCES ⬤═260, 296—PLEADING; EVIDENCE; ACCRUAL OF CLAIM.

In an action by an administrator of a deceased employé of a mining company to set aside a conveyance of the company's entire property, made after the death of the employé resulting from the company's negligence, *held* that the bill, proofs, and stipulations sufficiently disclosed that the administrator's right of action for wrongful death under Code 1907, § 3912, accrued before the conveyance, and that the judgment thereafter recovered was for such wrongful death.

7. FRAUDULENT CONVEYANCES ⬤═283—BURDEN OF PROOF; BONA FIDE PURCHASE.

Where a mining company conveyed practically all of its property to another, leaving nothing which could be subjected to the demand of the administrator of one who met his death as the result of negligence of the company, it was incumbent on the defendant to set up and prove a bona fide purchase, that it bought the property for an adequate and valuable consideration, whereupon it devolved upon complainant to show notice of its claim at the time of purchase, or facts which should have put defendant on inquiry, and which, if followed up, would have led to a discovery of the claim.

8. CORPORATIONS ⬤═428(7)—NOTICE TO PRESIDENT CHARGEABLE TO CORPORATION.

Where one corporation, after it became liable for the death of plaintiff's intestate which resulted from its negligence, conveyed all of its property to another corporation, and the same person was president of both corporations, *held* that the grantee corporation was chargeable with notice of the demand against the grantor corporation.

9. FRAUDULENT CONVEYANCES ⬤═110(1) — BENEFIT CREATED FOR VENDOR.

Where a corporation after it became liable for the death of plaintiff's intestate, which resulted from its negligence, conveyed all of its property to another corporation, and part of the purchase price was stock in the grantee company, the transaction necessarily created a benefit or interest in the property conveyed on behalf of the grantor corporation.

10. FRAUDULENT CONVEYANCES ⬤═198—INNOCENT PURCHASER FROM GRANTEE.

After it became liable for the death of plaintiff's intestate resulting from its negligence, a corporation conveyed all of its property to a second corporation of which its president was also president, part of the purchase price being paid in stock of the second company; thereafter the second corporation conveyed to a third. *Held*, that under all the circumstances the third company was charged with notice of the fraudulent intent of the grantor, and the plaintiff might have the conveyance set aside as fraudulent.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Bill by Russ Setzer as administrator, against the Burnwell Coal Company and others, to set aside a conveyance as fraud on creditors. Decree for complainant, and respondents appeal. Affirmed.

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Cabaniss & Bowie, of Birmingham, for appellants.

James J. Ray, of Jasper, for appellee.

ANDERSON, C. J. (It must be borne in mind, in order to properly understand this opinion, that, while there is quite an identity in name, the "Burnwell Coal Company" and the "Burnwell Coal Mining Company" are separate and distinct corporations.)

[1-3] The bill as last amended is in the alternative and seeks: First, to declare the conveyances in question a general assignment under section 4295 of the Code of 1907; or, second, to have the same declared fraudulent and void as to the complainant and existing creditors. The conveyances were not preferences to an existing creditor or creditors so as to operate as a general assignment under said section 4295, but were sales to a purchaser for a new or subsequent consideration, and must have been fraudulent and void as to this complainant in order for him to obtain the relief sought. The fact that the bill sought this alternative relief did not render it bad. Hard v. A. T. & S. Bank, 76 South. 30;[1] Smith v. Young, 173 Ala. 190, 55 South. 425. This case must therefore be considered under the rule relating to fraudulent grantees for a new or subsequent consideration, as distinguished from those who purchased as creditors, or for an antecedent debt. While the general rule is that a fraudulent intent on the part of the grantor is necessary to bring conveyances within the terms of the statutes, it is well settled that fraud may arise as an inference of law, and that, when the conveyance is made under such circumstances that the result must necessarily be to hinder and delay creditors, it will be presumed that such was the intent of the grantor in making it. O'Conner v. Coosa Furnace, 95 Ala. 614, 10 South. 290, 36 Am. St. Rep. 251; Stern v. Butler, 123 Ala. 606, 26 South. 359, 82 Am. St. Rep. 146. In order to defeat a transfer which has been made with the intent to defraud creditors, it is not necessary to show that the transferee had actual notice of or was an actual participant in the fraud of the transferor. Crawford v. Kirksey, 55 Ala. 282, 28 Am. Rep. 704; Simmons v. Shelton, 112 Ala. 284, 21 South. 309, 57 Am. St. Rep. 39; Ledbetter v. Davenport, 154 Ala. 336, 45 South. 467, 129 Am. St. Rep. 62. It is sufficient if at the time of or before making the transfer the transferee had notice of such facts and circumstances as would arouse the suspicion of an ordinarily prudent man and cause him to make inquiry as to the purpose for which said transfer was being made, which would disclose the fraudulent intent of the maker, except in the case of a transfer to secure a debt due him from the transferor.

[1] 200 Ala. 264.

Crawford v. Kirksey, supra; Simmons v. Shelton, supra.

[4] There can be no doubt but what the complainant's claim was an obligation against the Burnwell Coal Company, whether the bill charged that the deceased was killed through its negligence or not. The bill charges, and the proof shows, that he was killed in the mine before the conveyance to the American Company, that suit was brought for the death of the deceased, and eventually resulted in a final judgment against said Burnwell Coal Company. The complainant's claim accrued upon the commission of the tort, and should date therefrom regardless of the time of bringing suit or of obtaining judgment. Gunn v. Hardy, 130 Ala. 642, 31 South. 443.

[5, 6] It is true the judgment was only evidence of a debt or demand as of the time of its rendition, and it was therefore incumbent upon the complainant to establish the existence of his debt or demand when the conveyance was made by the Burnwell Coal Company to the American Company. The bill of complaint charged a judgment under a complaint filed against the Burnwell Coal Company, that the intestate, while an employé of the defendant, was killed in the mine on the 21st day of March, 1911, that complainant subsequently brought suit as administrator of intestate, and recovered a judgment, etc. True, the bill of complaint does not specifically charge that the judgement recovered was for the death of the deceased, and counsel contend that there was no proof of the existence of a demand when the first conveyance was made. There is an agreement admitting the recovery of the judgment as charged in the bill of complaint, and there is also an agreement dispensing with the necessity of setting out the complaint in the action at law upon which the judgment was obtained, and that the counts were under section 3910 of the Code of 1907. The suit being by the plaintiff as administrator of Roy Setzer, and under section 3910, it could have only been for his death under section 3912, and the complainant testified that the said Roy Setzer was killed in the mine March 21, 1911, and which was prior to the conveyance from the Burnwell Coal Company to the American Company on, to wit, May 10th. While the averment and proof are not as specific as they might be, we think the only reasonable inference to be drawn is that the judgment so recovered was for the wrongful death of the intestate by the defendant, Burnwell Coal Company, and which occurred prior to the conveyances in question, thus bringing this case within the influence of the rule declared in Yeend v. Weeks, 104 Ala. 331, 16 South. 165, 53 Am. St. Rep. 50.

[7, 8] The bill also charges, and the proof

shows, that the conveyance from the Burnwell Coal Company to the American Company embraced substantially all of the former's property, and left nothing which could be subjected to the plaintiff's demand under an ordinary execution. This being the case, it was incumbent upon the respondent Burnwell Coal Company to set up and prove a bona fide purchase; that is, that it bought the property for a valuable and reasonably adequate consideration, and it then devolved upon the complainant to show notice of its claim at the time of the purchase, or facts which should have put a reasonable man upon inquiry, and, which, if followed up, would have led to a discovery of the complainant's claim, and that he would be hindered, delayed, or defrauded in the collection of same by reason of the said conveyance. We think that the evidence shows that the Burnwell Coal Company was disposing of all of its property, and that the natural, legal result would be to hinder, delay, or defraud all of its existing unsecured creditors, and who were not provided for in the said conveyance; and that the purchasing corporation was chargeable with the information of its president, Gilreath, of the existing claims against the grantor corporation, and, of which the said Gilreath was also president, Gilreath being the alter ego of both corporations, and in fact a seller to himself, the purchasing corporation could not, under any principle of law, be considered an innocent purchaser without notice, upon the theory that such a transaction was a sale in the usual course of trade. Gilreath, as president of the Burnwell Coal Company, was chargeable with notice of the existing debts against the corporation, and when he purchased all of its assets for the American Company, of which he was also president, it could not be an innocent purchaser in the usual course of trade. McEntire v. Rockhill Co., 172 Ala. 637, 55 South. 494, differentiating it and this case from Morris v. First National Bank, 162 Ala. 301, 50 South. 137, and Central of Ga. R. R. v. Joseph, 125 Ala. 313, 28 South. 35.

[9] Moreover, the consideration recited in the conveyance under which the American Company acquired the property was in part stock in said company. In other words, part of the purchase price was stock in the vendee company to the vendor company, and which necessarily created a benefit or interest in the property so conveyed in behalf of the vendor corporation. Northern Pac. Co. v. Boyd, 228 U. S. 482, 33 Sup. Ct. 554, 57 L. Ed. 931; Louisville Trust Co. v. Louisville R. R., 174 U. S. 683, 19 Sup. Ct. 827, 43 L. Ed. 1130.

[10] The next question arising is, was the Burnwell Coal Mining Company, which bought from the American Company, a bona fide purchaser? The conveyance under which it acquired the property showed that its vendor the American Company had purchased it from the Burnwell Coal Company, and that the conveyance embraced practically all of its property, and the conveyance to it from the American Company also showed the source of the title and referred to the conveyance. These conveyances disclose the fact that Gilreath, who executed the conveyance to the Burnwell Coal Mining Company, was president both of the Burnwell Coal Company and the American Company at the time of the first sale, and so executed the deed or conveyance, and which was referred to in the conveyances under which the Burnwell Mining Company acquired the property, and which disclosed that a part of the consideration for the purchase was stock in the vendee company, and that the sale was therefore invalid as to the creditors of the vendor company; and these facts should have put the last purchasing company upon inquiry as to the existence vel non of creditors against the first vendor. It may be laid down as a safe rule that when one corporation acquires the property of another under conditions as existed in the sale of Burnwell Company to the American Company, whether it be designated as a sale, consolidation, or merger, the purchasing one is not protected against existing creditors of the selling corporation, and when the full transaction is a matter of record and is referred to in the conveyances to a subsequent purchaser, said subpurchaser has notice of all the infirmities of the title of its vendee, and in effect occupies no better position. Marks v. Cowles, 61 Ala. 307; Milhous v. Dunham, 78 Ala. 58. While we have treated the transaction between the Burnwell Coal Company and the American Company as a purchase rather than a consolidation or merger, it matters not what it may be called, as the circumstances connected therewith and as disclosed by the chain of title stamped the transaction as invalid as against creditors of the first corporation, and charged the Burnwell Mining Company with notice of such facts as to call for inquiry and investigation upon the part of a prudent person, and which, if followed up, would have led to actual notice of the plaintiff's claim or demand against the Burnwell Coal Company. At the time of the sale to the Burnwell Coal Mining Company, the complainant's action at law was pending against the Burnwell Coal Company, and an investigation would have led to the actual knowledge of same. We are, of course, aware of the fact that the mere pendency of a suit for debt or upon an ordinary demand as distinguished from one for specific property does not operate as constructive notice of the lis pendens; but, while the respondent, the Burnwell Coal Mining Company, was not

chargeable with constructive notice by the lis pendens, it was by other facts and circumstances put upon inquiry which would have resulted in actual knowledge of the pending action.

The decree of the circuit court is affirmed. Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.