146 So. 610

GLOBE & RUTGERS FIRE INS. CO. v. HOME INVESTMENT & LOAN CORPORATION.

8 Div. 494.

Supreme Court of Alabama.
March 9, 1933.

S. A. Lynne, of Decatur, and Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

Tennis Tidwell, of Decatur, for appellee.

GARDNER, Justice.

Plaintiff is a "finance corporation" and engaged in buying automobile papers. Under the provisions of a "master policy" with defendant, it insured for $800 an automobile which had been sold by the Sims Motor Company to one Markham; the note and mortgage for the deferred payment of $895 having been duly transferred to the plaintiff.

The trial court, sitting without a jury, found for the plaintiff on counts 2 and 3, and those assignments (12, 13, 14, 15, 16, and 17) which relate to the introduction of evidence under counts 1 and 4 (thus eliminated by this finding), need not be considered, as in no event could pre;udicial error have here intervened. The assignments chiefly relied upon relate to the action of the court in denying defendant's motion for a new trial, the argument in support of which rests largely upon the assumption the weight of the evidence shows the Sims Motor Company, or Markham, the purchaser, had an interest in the policy or the proceeds thereof, and that suit must be brought in the name of the party really interested, the beneficial owner, citing section 5699, Code 1923; Union Ins. Society v. Sudduth, 212 Ala. 649, 103 So. 845; Capital City Ins. Co. v. Jones, 128 Ala. 361, 30 So. 674, 86 Am. St. Rep. 152; 7 Cooley's Briefs on Ins. p. 1538; 1 Cooley's Briefs on Ins. pp. 777, 778.

The authorities relate to cases in which the policy contained a "loss payable" clause, while in the instant case no such policy provision is involved. Here the note and mortgage were unconditionally transferred to the plaintiff, and the insurance was, upon the face of the policy, for the protection of plaintiff alone, and there was proof that no one had any interest therein except this plaintiff.

There was evidence that only $450 was paid by plaintiff on the transfer, and some testimony of a more or less hearsay character, indicating the Sims Motor Company was interested in the proceeds, and it is clear defendant strongly suspects some fraud or collusion concerning the insurance and the loss. But all this is conjectural, and at most rests upon conflicting proof.

Defendant recognizes the force of the rule of presumption in favor of the trial court on the facts when he sees and hears the witnesses testify, but would avoid the same by invoking the exception to the rule where the finding is based upon a misconception of the law. Fiquett v. Wade Electric L. & P. Co., 206 Ala. 630, 91 So. 357; Murphree v. Han-

son, 197 Ala. 246, 72 So. 437. But we find no room for the application of the exception noted in these authorities, and upon a careful consideration of the evidence we are persuaded the conclusion of the trial court should not be here disturbed.

Certainly the fact that defendant's local agent was also secretary and manager of plaintiff would not justify a contrary ruling, especially in view of the fact that such relationship was well known and understood by the defendant's general agent in this state, though he may not have known he also owned some of its stock. It may be that upon final collection of the note the Sims Motor Company expected further payment (a fact by no means well established), yet it is clear the title to the note and mortgage vested unconditionally in plaintiff, and the insurance was so written, and proof tending to show that plaintiff only was interested in the policy and its proceeds. The trial court found the value of the car to be $1,000, and allowed a recovery for three-fourths thereof according to the terms of the policy. As previously noted, defendant's general agent knew of the interest of defendant's local agent in plaintiff as its secretary and manager, and the argument, based on the testimony of the defendant's general agent, to the effect the insurance, pursuant to custom, should have been less, runs counter to the terms of the policy which was prepared at the home office in New York.

We do not agree, therefore, that defendant has shown any excessiveness of the amount in the judgment or that there has been any breach of warranty on plaintiff's part.

As to the demurrer to the complaint, the assignments are directed to the complaint as a whole and are too general to challenge the ruling on separate counts, and, if any one is good, these assignments fail. Brent v. Baldwin, 160 Ala. 635, 49 So. 343; Middleton v. W. U. Tel. Co., 197 Ala. 243, 72 So. 548.

Count 2 was in Code form and sufficient. Commercial Fire Ins. Co. v. Capital Ins. Co., 81 Ala. 320, 329, 8 So. 222, 60 Am. Rep. 162.

Evidence pertinent and admissible under count 3 had to be, and was, introduced under count 2. Reversible error could not therefore be rested upon any ruling as to count 3. Bond Bros. v. Kay, 223 Ala. 431, 136 So. 817.

We find no error to reverse. Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.