171 So. 269

## ÆTNA INS. CO. v. KOONCE.

### 8 Div. 743.

Supreme Court of Alabama.

Oct. 15, 1936.

Rehearing Denied Dec. 17, 1936.

Wm. Milliken, of Florence, and Coleman, Spain, Stewart & Davies, of Birmingham, for appellant.

Merwin T. Koonce and A. A. Williams, both of Florence, for appellee.

BOULDIN, Justice.

Appellee, E. L. Koonce, brought suit substantially in Code form (section 9531, No. 13) on a policy of insurance covering loss of an automobile by theft.

The policy named plaintiff as the assured, and stipulated: "Loss, if any, payable, as interest may appear, to Assured and Bankers Finance Corporation."

It appears the policy was given in connection with a loan by said finance corporation, payable in installments, secured by mortgage on the car, backed by this insurance. At the time of the loss of the car by theft, and at the time of suit brought, some installments on the mortgage were unpaid. The finance corporation, therefore, had an interest in the loss payable.

On the trial the court, over objections of defendant, admitted in evidence an assignment in writing from the finance corporation to plaintiff passing all interest in the policy.

The record discloses that, by amendment, the finance corporation was made a joint party plaintiff; that the cause went to trial and judgment recovered in favor of plaintiffs; that this judgment was set aside on motion for new trial; that thereafter the complaint was again amended striking out the finance corporation. The mortgage debt being fully paid pending the suit, the assured, as sole plaintiff, introduced in evidence the assignment in question, and was permitted to recover for the full loss.

The position in which these litigants find themselves gives emphasis to the whole question of proper procedure in actions of this sort.

Dealing with this contract on the same principles applicable to a policy issued to the mortgagor, the assured, with loss payable clause to a mortgagee, as his interest shall appear, we observe: It was held in Fire Insurance Companies v. Felrath, 77 Ala. 194, 54 Am.Rep. 58, that there was no intent by such contract to split the cause of action, so as to authorize a suit in favor of the mortgagee for a part of the loss, but he should be regarded as an appointee merely, and, if the mortgage debt covered only part of the loss, the action should be brought by the assured for the entire loss. That case was overruled on the point stated in Capital City Insurance Co. v. Jones, Assignee, 128 Ala. 361, 30 So. 674, 86 Am.St.Rep. 152,

holding that, by the contract, the cause of action was so split that mortgagor and mortgagee could each maintain an action for his portion of the loss; that the liability became fixed as of the date of the loss; that, if the mortgage debt then covered the whole loss, the sole right of action was in the mortgagee, but, if the mortgagee's interest covered only a part of the loss, he could sue therefor as a beneficial owner of the policy. In either event the mortgagee must aver and prove the amount of the mortgage debt as of the date of the loss. This has become the established rule in Alabama. London & Scottish Assur. Corporation of London, England, v. Smith, 229 Ala. 556, 158 So. 892; St. Paul Fire & Marine Ins. Co. v. Crump, 231 Ala. 127, 163 So. 651; Union Ins. Soc. of Canton, Limited, v. Sudduth et al., 212 Ala. 649, 103 So. 845; Globe & Rutgers Fire Ins. Co. v. Home Insurance & Loan Corporation, 226 Ala. 275, 146 So. 610; Norwich Union Fire Insurance Co. v. Prude et al., 145 Ala. 297, 40 So. 322, 8 Ann.Cas. 121.

Appellant insists the assignment was inadmissible on the ground, among others, that recovery cannot be had on a cause of action acquired after suit brought; nor on a demand which was not due when suit brought.

The principles of law relied upon are elementary. 1 C. J. p. 1149, § 393. We are not impressed, however, that the case should be treated as involving no more than the principles stated.

It is obviously true that the mortgagor has a direct interest in the entire loss under a policy of this character. The portion going to the mortgagee is the mortgagor's indemnity against his personal liability for the mortgage debt.

The amount payable to mortgagor and mortgagee, respectively, changes with every monthly payment on the mortgage debt. All this is in contemplation when the policy is issued, is part of the contractual obligation arising from the transaction.

Appellant's view, as appears from briefs on file, is that even after loss, the cause of action accrues to the mortgagor as each installment is paid, and he may recover for the full loss, less any unpaid balance on the mortgage debt, at the time suit is brought.

Not debating that question here, we note that under such view, the mortgagor would seem to acquire a separate right of action every time he pays an installment on the mortgage debt after the loss has accrued,

and could bring several suits thereon; or could sue for the entire loss after he has paid the mortgage debt in full.

Clearly a multiplicity of suits on these policies is undesirable from every standpoint.

There is but one contract, made with the assured, as the promisee; one transaction covering one loss, payable, however, to mortgagor or mortgagee, or in part to each, as their interests shall appear.

The insurer is primarily interested in protection against double liability; the mortgagee in getting what is due him when the loss is paid; the mortgagor in getting the entire loss paid.

This can all be readily accomplished by a joint action of the mortgagor and the mortgagee on the policy. The court, when the money is paid in, has full power, if need be, to apportion it between the plaintiffs.

Other courts have been confronted with cases under like or kindred policies, and have not always been in harmony as to the right of mortgagor or mortgagee to sue, where each was due a portion of the indemnity. But their right to sue jointly is generally recognized, and so far as we have found, not denied in any jurisdiction.

For full citation and review of authorities, see 8 Couch, Cyclopedia of Insurance Law, § 2081; also, sections 2051, 2052; 26 C. J. pp. 484, 485.

We now approve the rule sustaining a joint action. Under our statutes, the right to sue jointly, in the first instance, warrants bringing in the mortgagee as coplaintiff by amendment; such amendment relating back to the bringing of the suit. Code, § 9513; Birmingham Gas Co. v. Sanford et ux., 226 Ala. 129, 145 So. 485.

It follows that the mortgagee was properly brought in by amendment in this cause. But the mortgagee was later stricken out as before noted. The status resulting from this action is of moment in the proper decision of the cause on this appeal.

If it appeared the mortgage debt had been fully paid by the mortgagor pending the suit, and while the entire subject-matter of the suit, as well as the parties, was within the jurisdiction of the court, so that one of the parties plaintiff was no longer interested in the fruits of the litigation, and the other party, through the performance of his

contractual obligations, had become entitled to the full recovery, there would no longer be any necessity to retain the mortgagee as party plaintiff.

But this does not appear. The assignment was given as of the date of the last trial, and, so far as appears, the mortgagee was still the beneficial owner of an interest when stricken by amendment. Hence, to that extent, the assignment covered a cause of action, not in court, and acquired by the mortgagor pending the suit. There was error, therefore, in admitting the assignment in evidence.

■ Maybe the striking out of the mortgagee as party plaintiff was due to granting a new trial, because of misjoinder of parties plaintiff, and that defendant, having invoked and obtained such ruling, could not complain of a full recovery by the mortgagor on the last trial. Some expressions in brief tend to indicate this situation. But the record is silent here, and we do not feel justified in presuming such error on the former trial, to sustain a ruling on the latter trial.

·What we have written is deemed proper as a guide on another trial.

■ The predicate for the introduction of the testimony given by the witness McGarry in open court on the former trial was as follows: "McGarry lives now in New Orleans. He has moved from this City. He moved his family with him and he now resides in the State of Louisiana. He is employed there with the Federal Land Bank." This was clearly sufficient. It warranted a finding by the trial court that the witness was beyond the reach of the process of the court, and would remain so permanently, or for such indefinite or uncertain period of time that plaintiff would not be able to procure his personal attendance during the trial, or at a later date to which the court could reasonably be asked to pass the case.

Since an official stenographic report of former testimony, given in the same cause with full privilege of cross examination, is now available in courts of record, the caution sometimes expressed where parol testimony is relied upon to prove the former testimony of the witness is not so essential. Woodstock Iron Works v. Kline as Administrator, 149 Ala. 391, 399, 43 So. 362; Jacobi v. State, 133 Ala. 1, 32 So. 158; Percy v. State, 125 Ala. 52, 27 So. 844;

Perry v. State, 87 Ala. 30, 6 So. 425; Southern Railway Co. v. Bonner, 141 Ala. 517, 37 So. 702; Hines, Director General v. Miniard, 208 Ala. 176, 94 So. 302; 1 Greenleaf on Evidence, § 163.

■ Such testimony, when offered, is subject to the same objections going to the substance of the testimony, or the competency of the witness, as if the witness were testifying on the stand. 1 Greenleaf on Evidence, § 163; Sherman Gas & Electric Co. v. Belden et al., 103 Tex. 59, 123 S.W. 119, 27 L.R.A.(N.S.) 237.

■ Plea No. 2 set up breach of the clause against additional insurance. Plaintiff filed a general replication, a denial of the allegations of the plea, casting on defendant the burden of proof as to such plea.

Plaintiff filed also a special replication alleging waiver or estoppel in that the agent wrote the policy, and accepted the premium with full knowledge of the additional insurance which was then in force.

Defendant filed rejoinders setting up that the insurer was not bound by the act of its agent for that at the time he was also acting as agent for the finance corporation, a beneficiary in the policy, representing dual and opposing interests.

Appellant insists such rejoinders were proven without dispute, and therefore defendant was due the affirmative charge.

There are several reasons why this contention cannot be sustained.

■ The evidence made a case for the jury on the plea to which the later pleadings were addressed. Tendencies of the evidence were to the effect that the former policy then held by another finance corporation, and which was being refinanced, was to be taken up with the loan which it secured and surrendered; that the agent for defendant and the finance corporation undertook to take up and cause the former documents to be surrendered and canceled; that plaintiff regarded the former insurance as no longer in force.

True, it appears that after the loss, this former policy turned up, never surrendered in fact, and an effort was made to enforce payment thereon; but the evidence further tends to show such proceedings were at the instance of this defendant in an effort to have the former insurer contribute to payment of the loss. If the jury believed plaintiff's version, the plea of additional insurance was not made out.

Where an insurance company, to get the business of a finance corporation, by its State agents, constitutes ·the managing agent of the finance corporation its own agent, to write insurance in which the finance corporation is a beneficiary, such insurance company cannot set up the dual relation as a limitation of the authority of the agent to bind the insurer. Such agent has all the authority of an agent under the laws of Alabama to make contracts including the power to waive an additional insurance claim. The insurer is bound as if no dual agency existed. 2 C. J. p. 872, § 552; McEntire, Wagnon & Thomas Co. v. Rock Hill Buggy Co., 172 Ala. 637, 55 So. 494; Burnwell Coal Co. v. Setzer, 203 Ala. 395, 83 So. 139.

The evidence on the issue presented by the rejoinders tended to show an intentional employment of the common agent. The affirmative charge was therefore properly refused on this issue.

The judgment must be reversed for the error pointed out.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.