125 So.2d 702

**ATLANTIC NATIONAL LIFE INSURANCE COMPANY**

v.

**BANK OF SULLIGENT, Alabama, et al.**
**6 Div. 298.**

Supreme Court of Alabama.

Aug. 18, 1960.

Rehearing Denied Jan. 12, 1961.

Bankhead & Petree, Jasper, for appellant.

Young & Young, Vernon, Fite & Fite, Hamilton, and Fite, Wilson & Fite, Jasper, for appellees.

LIVINGSTON, Chief Justice.

This is an appeal from a judgment for $5,000 of the Circuit Court of Lamar County, Alabama, on a policy of insurance. The suit was instituted by the Bank of Sulligent, Alabama, and R. C. Faulkner, as administrator of the estate of L. R. Faulkner, deceased. It was tried by a jury, who, under the general charge of the court for the plaintiff with hypothesis, rendered a verdict for $5,000, and judgment was entered thereon.

The defendant entered a plea of the general issue in short by consent, with leave, etc.

Motion for a new trial was duly made and overruled, and the defendant appealed.

There are 22 assignments of error, but in our opinion all of the assignments of error are founded on one theory; that theory is that the policy in question was issued as a result of misrepresentations made to the insurance company. Under our view of the case, it will not be necessary to treat them separately.

Most of the material facts are uncontroverted and are, in substance, as follows:

On February 15, 1956, Atlantic National Life Insurance Company issued its Creditors Group Insurance Policy to The Bank of Sulligent, Sulligent, Alabama, whereby the insurance company agreed to insure the lives of certain debtors of The Bank of Sulligent. Under the terms of the policy, each debtor of the creditor who was then in insurable health in certain classes of indebtedness was eligible for

insurance coverage under the policy issued to The Bank of Sulligent. The bank was designated in the policy as the irrevocable beneficiary. The policy provided that upon the death of an insured debtor of the creditor bank, the insurance company would pay to the creditor bank the amount owing by the insured debtor to the creditor bank, which amount would be applied by creditor bank toward the discharge of the indebtedness. The balance of the insurance proceeds, if any, was to be paid by the insurance company to the beneficiary named by debtor, and if no beneficiary was named by debtor, then to the executor or administrator of the estate of the deceased debtor.

F. M. Sizemore was designated by Atlantic National Life Insurance Company as its agent in Sulligent to write certificates of insurance under the aforesaid Creditors Group Insurance Policy issued to The Bank of Sulligent. Mr. F. M. Sizemore was at that time the Vice President and Cashier of The Bank of Sulligent and had been an officer of that bank for over forty years. On March 18, 1957, The Bank of Sulligent loaned to L. R. Faulkner the sum of $5,000. Mr. F. M. Sizemore handled the loan for the bank, and on March 20, 1957, Mr. Sizemore issued a Group Credit Insurance Certificate to L. R. Faulkner in the amount of $5,000, under the aforesaid Creditors Group Insurance Policy issued by appellant to appellee bank. At the time the loan was made to him, Mr. Faulkner stated that he wanted to continue his insurance, he having had previous coverage by appellant on previous loans. At the time the said certificate was issued, Mr. Faulkner was not in the bank and the premium for the insurance was charged to his account.

L. R. Faulkner died on September 14, 1957, less than six months after issuance of the certificate of insurance.

After Mr. Faulkner's death, the death certificate showed Mr. Faulkner to be 57 years of age and that the disease causing his death was pneumonia which set in twelve hours before death; that the underlying causes of his death were: Intractable diarrhea, which he had had for two and one-half years; Pancreatic fibrosis, which he had had for six years; Iron deficiency, anemia and vitamin deficiency, which he had had for two years. The death certificate also showed that deceased had an operation on February 3, 1953, which revealed patient had chronic gastritis and pancreatic fibrosis.

Appellant denied liability under the policy of insurance because of the fact that the deceased Faulkner was not in insurable health at the time F. M. Sizemore wrote the certificate of insurance, which fact was known to Sizemore at the time the certificate was written, and, therefore, L. R. Faulkner was not eligible for insurance under the Creditors Group Insurance Policy issued to the creditor bank. No application for insurance was made by deceased, and, as stated before, the certificate was not issued until two days after the loan was made. No medical examination was required by the policy and knowledge of Mr. Faulkner's physical condition at the time of the issuance of the certificate of insurance was not brought home to the appellant until copy of the death certificate was received. Further investigation on part of appellant showed that L. R. Faulkner was in critical condition at the very moment the certificate of insurance was issued.

In brief, appellant states its position as follows:

"In the Court below, appellant defended upon the ground that by issuing the certificate of insurance upon the life of L. R. Faulkner, the agent of the company and Vice President of the appellee bank thereby made to appellant a representation that the insured was in insurable health at the time of issuance of the certificate, which was false * * *. It was the plea of appellant that the matters misrepresented increased the risk of loss so as to vitiate the policy, and in support of its plea under the general issue in short by consent, the appellant made a tender into court of all of the premium collected by appellant from the

issuance of the certificate of insurance upon the life of deceased. Sec. 6, Title 28, Code of Alabama 1940.

"The group policy of insurance issued by appellant to appellee, The Bank of Sulligent, Sulligent, Alabama, contained the following preliminary statement:

"Plan of Insurance.

" '4. Each debtor of the Creditor, *who is in insurable health* in the following classes of indebtedness shall be eligible for insurance hereunder: * *' (Emphasis supplied.)

"The appellant's agent, F. M. Sizemore, who was also the Vice President and Cashier of The Bank of Sulligent, was, without question, at the time he issued the certificate of insurance upon the life of L. R. Faulkner, acting in a dual capacity * *. It is appellant's contention that by issuing the certificate of insurance upon the life of L. R. Faulkner, Mr. Sizemore represented to this appellant that Mr. Faulkner was eligible for insurance and that he was in insurable health at the time the certificate was issued. This representation was made by Felix Sizemore * * *. The fact is undisputed that L. R. Faulkner made no representation as to the status of his health. No application for insurance was made or required to be made under the terms of the group policy."

When an insurance company, to get the business of a bank, constitutes the vice president and cashier of the bank its own agent, to write insurance in which the bank is the beneficiary, such insurance company cannot set up the dual relation as a limitation of the authority of the agent to bind the insurer. Such agent has all the authority of an agent under the laws of Alabama to make contracts binding on the insurer. The insurer is bound as if no dual agency existed. Aetna Ins. Co. v. Koonce, 233 Ala. 265, 171 So. 269, and cases there cited.

Admittedly, Sizemore was the agent for the insurance company to make the contract which he did make, and the plaintiff was entitled to the affirmative charge with hypothesis.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.