124 So.2d 469

**ATLANTIC NATIONAL LIFE INSURANCE COMPANY OF ANNISTON, Alabama,**

v.

**M. L. ROBBINS.**

4 Div. 406.

Court of Appeals of Alabama.

Oct. 4, 1960.

Rehearing Granted Nov. 15, 1960.

Tipler & Fuller, Andalusia, for appellee.

Robt. B. Albritton, Albrittons & Rankin, Andalusia, for appellant.

CATES, Judge.

The original opinion in this case has, on Atlantic's application for rehearing, been withdrawn and the following is the opinion of the Court.

Robbins brought an action in the Covington Circuit Court against Atlantic under a one count complaint seeking $1,000 under a policy issued by Atlantic insuring him against the loss of sight from injury or disease. Robbins averred that he suffered a compensable loss of sight for which he had not been paid.

The jury's verdict against Atlantic and judgment thereon was for $1,000. The court overruled Atlantic's motion for a new trial.

The question for decision is: On a credit life insurance policy, must the borrower prove how much he owes the lender?[1]

Atlantic argues two assignments of error, i. e., (1) the refusal of the affirmative charge; and (2) denial of new trial. Only two grounds of the motion for a new trial are brought into the argument, (a) the refusal of the affirmative charge; and (b) that the verdict was contrary to the great weight of the evidence.

The parties stipulated that Atlantic issued a "Master Group Credit [Life] Insurance Policy" to the First National Bank of Opp. In paragraph 1 of the policy, Atlantic insured "the lives of certain debtors" of the Bank. Paragraph 2 provided:

"Upon due proof of * * * the loss of sight of one eye as the direct result of accidental bodily injury independently of all other causes, and is [sic: "as"?] evidenced by a visible contusion or wound on the exterior of the body and the date of occurrence of each injury is not more than 90 days prior to the date such loss was sus-

---

1. The amended complaint on which Atlantic took issue reads:

"Plaintiff claims of the defendants the sum of One Thousand ($1,000.00) Dollars plus interest and costs, for that on, to-wit, the 1st day of February, 1957, the defendant, Atlantic National Life Insurance Company issued a policy of insurance to the plaintiff, M. L. Robbins, whereby the defendant agreed, in consideration of the payment in advance of the weekly premium specified therein, to insure the plaintiff against loss of life through accidental means and against loss of sight or limb from injury or diseases. Plaintiff avers that subsequent to the effective date of said policy and while said policy was in full force and effect, all premiums due thereon having been paid to and accepted by the defendant, the plaintiff suffered loss of sight within the meaning of said policy of insurance, in that the plaintiff suffered the loss of sight in one eye. And the plaintiff avers that, although he has complied with all the terms and provisions of said contract on his part, the defendant has failed to comply with the following provisions thereof, viz., the defendant has wholly failed and refused to pay to the plaintiff the sum of One Thousand ($1,000.00) Dollars due and owing under the terms of said policy. Plaintiff avers that said policy is the property of himself."

To the complaint (besides a demurrer not of concern on appeal) Atlantic plead: "It is not guilty of the matters and things alleged in the complaint."

tained, the Company, on receipt at its Home Office of due and satisfactory proof of loss, will pay the creditor [the bank] the said amount, up to the amount of the debtor's indebtedness not to exceed $1,000.00, and the balance, if any, to the debtor or his assigns. * * * With respect to the eye, 'loss' means the entire and irrecoverable loss of sight."

The "certain debtors" were those between 18 and 65 years of age. The insurance was for a maximum term· of three years. The amount of the coverage for a debtor who was under 60 years was $1,000:

"Each debtor between the ages (nearest birthday) of 18 and 60 years inclusive may be insured in connection with a loan granted by the Creditor [the bank] in an amount not to exceed the aggregate amount specified in paragraph 2 in the event of the dismemberment of the debtor. * * *"

Further clauses, pertinent here, provide:

"13. Upon the death or dismemberment of a debtor insured hereunder the Creditor [the bank] shall furnish due proof of death or dismemberment to the Company which shall include evidence of the death or dismemberment of the debtor and an affidavit by an officer of the Creditor certifying the amount due hereunder.
*  *  *  *  *  *
"16. Beneficiary: The Creditor shall be the irrevocable beneficiary hereunder.
*  *  *  *  *  *
"21. Refund of Unearned Premiums: If a loan is paid in full prior to the maturity of the loan, and if the Creditor requests a refund of the unearned premium and the cancellation of

the insurance, the Company will cancel the insurance and refund the unearned net premium. *If no written request is received by the Company from the Creditor, the insurance will remain in force for the period for which premiums were paid.*" (Italics added.)

The policy was supplemented, according to the stipulation, by a "certificate" which purports to paraphrase the policy and by a receipt form issued to Robbins at the Bank. Also, "the defendant [Atlantic] received notice and completed proof of loss forms."

There was no testimony as to whether or not The First National Bank of Opp still had any claim against Robbins on October 15, 1957, the date of the casualty. The shares between mortgagor and mortgagee under property policies become fixed at ·the time of loss.[2]    Aetna Ins. Co. v. Koonce, 233 Ala. 265, 171 So. 269.

We consider (1) the court below was not in error in refusing the affirmative charge requested by Atlantic in writing, and (2) the court below committed reversible error in denying Atlantic's motion for a new trial on the ground that the verdict was against the great weight of the evidence.

Ordinarily, ·damages for the breach of a contract to pay money are measured by the amount due under the agreement. Here, however, while the cause of action is several[3] as between Robbins and the Bank, the evidence fails to show a liquidated amount due either of them.

This lack of proof prevents assessment of compensatory damages. But the breach alone, if proved (as the verdict here implies), entitles Robbins to nominal damages. Thus, in Wilson & Co. v. Clark, 259 Ala.

2. But New Hampshire Fire Ins. Co. v. Curtis, 264 Ala. 137, 85 So.2d 441, seems to indicate that changed circumstances after loss may be considered in apportioning the underwriter's liability.

3. Capital City Ins. Co. v. Jones, 128 Ala. 361, 30 So. 674, 676.

619, 67 So.2d 898, 901, Mr. Justice Lawson says:

"Conceding, without deciding, that plaintiff did fail to prove actual damages, * * * it would not follow that defendant should have been given the general affirmative charge. If the jury found from the evidence that there was such a contract as claimed by plaintiff and that Rudder had authority to make such a contract for defendant, then plaintiff would at least have been entitled to recover nominal damages, for it is without dispute that no cattle were put on his pasture. * * *"— Citing authorities.

See also Corbin on Contracts, § 1001.

The language in Aetna Ins. Co. v. Koonce, supra [233 Ala. 265, 171 So. 271] approving "the rule sustaining a joint action," we take to mean as alternative and not exclusive of a separate action. Atlantic's promise to the Bank was different from its promise to Robbins. Indeed, the amount, if any, due one excluded pro tanto what Atlantic owed the other.

We think it clear from Capital City Ins. Co. v. Jones, supra, wherein Fire Ins. Cos. v. Felrath, 77 Ala. 194, was expressly overruled, that a mortgagor or mortgagee may separately sue on a fire policy.

" * * * So, in this case, we hold that the plaintiff can maintain this suit for the balance, if any, of the loss, after deducting the amount due upon the mortgage at the time of the loss. This is the promise of the defendant, and there is no good reason why it should not be enforced as made.— Palmer Sav. Bank v. Insurance Co. of North America, 166 Mass. 189 [44 N.E. 211, 32 L.R.A. 615]. This, of course, imposes the burden upon the plaintiff of showing there was a balance after paying the mortgage, and the amount of such balance."—128 Ala. at page 365, 30 So. at page 676.

Here we have no demurrers, pleas in abatement, nor claim of lack of the real party in interest. Under the Jones case, supra, we consider that on this record Robbins stated a separate cause of action. Since no objection for variance was made to the policy (which showed the Bank's possible interest) coming into evidence, the sole question is the sufficiency of the evidence to support the verdict.

As above shown the absence of proof as to the Bank's interest in the proceeds of the policy at the most would entitle Robbins to nominal damages. Inasmuch as we consider no useful purpose would be served by a conditional affirmance we are reversing and remanding this cause for new trial.

Reversed and remanded.