I respectfully dissent.
The trial court, after an ore tenus hearing, awarded custody of the child to the child's grandparents. As correctly indicated by the majority, in order for the trial court to award custody to a person other than a parent, it must conclude that the evidence is clear and convincing that the best interests of the child are against parental custody. Ely v.Casteel, supra. The trial court's finding indicates that it did reach that conclusion. On appeal, the sole question before this court is whether the trial court's decision was so unsupported by the evidence that it constituted an abuse of discretion.Alford v. Alford, 368 So.2d 295 (Ala.Civ.App. 1979); Quinn v.Quinn, 351 So.2d 925 (Ala.Civ.App. 1977).
Admittedly, this is a difficult case. Previous cases are of little help in reaching a decision in this case because each child custody case must be decided upon its own facts. In the instant case, the trial court was faced with much conflicting testimony. The intervenors offered evidence that the mother allowed the child to develop a severe diaper rash, that the mother failed to regularly change the child's diapers and that the child often appeared dirty and hungry after being in the mother's custody. The mother testified that she had carried her child to the doctor only once while the child's stepmother or the intervenors had carried the child to the doctor several times. The stepmother had had to carry the child to the doctor to get treatment for the diaper rash. The mother also testified that she worked long hours, specifically, 11:30 a.m. to 10:00 p.m. Friday through Tuesday, and made very little money. In addition, the mother testified that she usually went out every Friday and Saturday after work and also occasionally on week nights. Evidence was also introduced that the mother planned to marry and subsequently did marry a man who had been convicted of assault and battery, driving while intoxicated and possession of marijuana. Though presently working on a family farm, the new husband's future employment is somewhat in doubt. There was also evidence, in opinion form, that the mother had a bad reputation in the community and that she was an unfit mother. In opposition to the above, the mother offered testimony that she loved and properly cared for the child and that she was not an unfit mother.
Undoubtedly, some of the evidence, offered by both parties, came from witnesses who were not completely impartial and unbiased. However, it is in situations like the present where the evidence is in such conflict that this court must be most mindful of the underlying basis of the ore tenus presumption which is the trial court's ability to hear and observe the witnesses as they testify. Globe Rutgers Fire Insurance Co.v. Home Investment Loan Corp., 226 Ala. 275, 146 So. 610
(1933); Willis v. Excello Bottling Ice Co., 202 Ala. 513,81 So. 15 (1919). In determining the credibility to be given each witness's testimony, the trial court was in a position to weigh the offered testimony against each witness's demeanor on the witness stand. The trial court's finding indicates that he placed more credibility in the testimony offered by the intervenors. In the instant appeal, where the evidence is in such conflict, I do not believe that this court, after reviewing only the *Page 426 
record, can properly conclude that the trial court abused its discretion. By so holding, this court is merely substituting its judgment for that of the trial court. This it cannot do.Ely, supra.
I note that in the instant appeal the mother was awarded liberal visitation. I am certain the trial court was mindful that the question of child custody is subject, under appropriate circumstances, to modification. At a subsequent time, after this young mother has more fully matured and established a more stable homelife, she may be justified in petitioning the trial court for full custody of her child. In the meantime, the mother will remain a significant part of her child's life due to the mother's visitation rights.
Needless to say, I would affirm the trial court's action.